IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RUSTY B. BRIDGES, Individually and on behalf
of all wrongful death beneficiaries and on behalf
of the Estate of Mary Claudine Bridges, deceased**             **PLAINTIFF**

**VS.**             **CIVIL ACTION NO. 3:05CV786BS**

**ENTERPRISE PRODUCTS COMPANY, INC.,
d/b/a Enterprise Transportation Company and
RAYMOND TOULMON**             **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiff's Motion to Compel Production of Driver's Logs. The Plaintiff's claims arise from the death of Mary Claudine Bridges, who was struck and killed by a truck owned by Defendant Enterprise Transportation Company and driven by one of its employees, Defendant Raymond Toulmon. Enterprise admits that Toulmon was its employee and that he was within the course and scope of his employment when the accident occurred. Discovery responses indicated that Toulmon was later discharged by Enterprise for falsifying log records. The Plaintiff requested Toulmon's logs for the ninety-day period preceding the accident, and the Defendants produced a copy of Toulmon's logs for the trip during which Mary Bridges was struck and killed. That response was later supplemented by production of Toulmon's logs for the thirty-day period preceding the accident. Dissatisfied with that production, the Plaintiff asks the court to order that the remainder of the records be produced.

Enterprise argues that the records are not relevant to the issues before the court, in that evidence contained therein could not be used to support a claim for actual or punitive damages against the company. Enterprise supports that argument by citing numerous cases in which evidence

of negligent hiring, training, retention and entrustment were excluded at trial, on grounds that the employer's vicarious liability for any negligent acts of its employee had already been admitted and were the sole basis for any recovery. Thus, Enterprise argues, the only question before the jury will be whether Toulmon's negligence caused Ms. Bridges's death. Moreover, Enterprise asserts, the records could not be used to establish the right to punitive damages against the company, because punitive damages can only be awarded against the employer if the employee, himself, could be so liable.

In his rebuttal, the Plaintiff does not dispute any of the authority cited by Enterprise on these issues. However, he argues that the log books could be relevant to the establishment of punitive damages against Toulmon. He argues that the Toulmon's falsification of his log records could show: (1) that Enterprise did nothing to prevent or discourage the falsification of the records prior to the accident; and (2) that falsification was a common practice of Toulmon's that was intentional and grossly negligent. However, the Plaintiff has not shown how the falsification of records, especially at a remote time, caused or contributed to the accident in question. If the records were falsified, they either omitted wrongful acts that Toulmon committed or included required acts that Toulmon did not perform. Such activity, if it occurred during the trip at issue, could have caused or contributed to the accident. However, the Plaintiff has not shown how making a false entry in a log book three months prior to the accident could be relevant to Toulmon's negligence on the night of the accident.

Fed. R. Civ. P. 26(b) provides that the scope of permissible discovery is broad, and the Rule allows a party to seek any relevant information "reasonably calculated to lead to the discovery of admissible evidence." Clearly, Toulmon's log records of the day of the accident reflect his activities on that day and could provide relevant information. The records of Toulmon's activities for some

time preceding that day could be relevant. However, the court is of the opinion that records of Toulmon's activities over thirty days prior to the date in question do not fall within the scope of permissible discovery. Therefore, the court is of the opinion that the Motion to Compel should be denied.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Compel Production of Driver's Logs is hereby **denied**.

IT IS SO ORDERED, this the 16th day of October, 2006.


                                                      S/James C. Sumner
                                        UNITED STATES MAGISTRATE JUDGE