IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


RUSTY BRIDGES, Individually and on
Behalf of all Wrongful Death Beneficiaries
and on Behalf of the Estate of
MARY CLAUDINE BRIDGES                                    PLAINTIFF

VS.                         CIVIL ACTION NO. 3:05cv786-WHB-LRA

ENTERPRISE PRODUCTS COMPANY, INC.,
d/b/a ENTERPRISE TRANSPORTATION COMPANY,
RAYMOND TOULMON, and JOHN DOES 1-5                      DEFENDANTS


## OPINION AND ORDER

This cause is before the Court on three Motions for Partial Summary Judgment filed by Defendants. The Court has considered the Motions, Responses, Rebuttals, attachments to each, as well as supporting and opposing authorities and finds:

The Motion for Partial Summary Judgment on Issues of Negligent Breach of Duty and Causation is not well taken and should be denied;

The Motion for Partial Summary Judgment on the Recoverability of Actual Damages for Certain Elements of Injury or Loss not Incurred or Demonstrated in this Action should be granted in part and denied in part;

The Motion for Partial Summary Judgment that Punitive Damages are not Recoverable is not well taken and should be denied.

## I.  Factual Background and Procedural History

On December 16, 2005, at approximately 10:30 p.m., Plaintiff's decedent Mary Claudine Bridges ("Bridges") was driving a pick-up truck and towing another motor vehicle on Interstate 55 in Yazoo County, Mississippi.  Bridges, after her pick-up developed mechanical difficulties, pulled onto the shoulder of the interstate and exited her vehicle.  She then proceeded to the rear of the vehicle where she attempted to "flag-down" passing motorists for assistance.

During the relevant time period, Defendant Raymond Toulmon ("Toulmon") was driving a tanker truck on Interstate 55 while acting within the course and scope of his employment with Defendant Enterprise Products Company ("Enterprise").  Toulmon claims that as he was driving, another tractor-trailer traveling in the left lane next to his tanker began to "drift" into his lane thereby forcing him to move to the right in order to avoid a collision with that vehicle.  Moving to the right caused Toulmon to leave his lane of traffic and cross onto the shoulder of the road where he struck Bridges.  Bridges was pronounced dead at the scene of the accident. The only other witness to the accident was Bridges's daughter Brenda Creech ("Creech"), who was a passenger in Bridges's pick-up truck.  Creech died, apparently from causes unrelated to the subject accident, before giving any testimony in this case.

2

Toulmon was not issued any citations by law enforcement personnel, and a blood alcohol test showed that he was not driving under the influence of alcohol at the time of the accident. Toulmon admitted, however, that at the time of the accident he had been driving more than the eleven hours permitted under Federal Motor Carrier Safety Regulation ("F.M.C.S.R.") Section 395.3(a)(1), and that he had exceeded the fourteen-hour driving limit under F.M.C.S.R. § 395.3(a)(2).  Toulmon also admitted that he later attempted to falsify his driving log to show that he had been in compliance with the Regulations.

On December 27, 2005, Plaintiff filed the subject wrongful death lawsuit in this Court, alleging claims of negligence and gross negligence on the part of Toulmon; and negligence, negligent supervision, and negligent retention on the part of Enterprise. Plaintiff also seeks to hold Enterprise vicariously liable for the alleged negligence of Toulmon.  For the purpose of jurisdiction, Plaintiff is a citizen of the State of Mississippi, Defendant Toulmon is a citizen of the State of Louisiana, Defendant Enterprise is a Texas corporation with its principal place of business in the State of Texas, and it is facially apparent that Plaintiff seeks greater than $75,000 in damages.  Accordingly, the Court finds it can properly exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.  Defendants now move

for partial summary judgment on the issues of liability, actual damages, and punitive damages.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The movant need not,

however, support the motion with materials that negate the op-
ponent's claim.  <u>Id.</u>  As to issues on which the non-moving party
has the burden of proof at trial, the moving party need only point
to portions of the record that demonstrate an absence of evidence
to support the non-moving party's claim.  <u>Id.</u> at 323-24.  The non-
moving party must then go beyond the pleadings and designate
"specific facts showing that there is a genuine issue for trial."
<u>Id.</u> at 324.

Summary judgment can be granted only if everything in the
record demonstrates that no genuine issue of material fact exists.
It is improper for the district court to "resolve factual disputes
by weighing conflicting evidence, ... since it is the province of
the jury to assess the probative value of the evidence." <u>Kennett-
Murray Corp. v. Bone</u>, 622 F.2d 887, 892 (5th Cir. 1980).  Summary
judgment is also improper where the court merely believes it
unlikely that the non-moving party will prevail at trial.  <u>National
Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th
Cir. 1962).

### III.  Legal Analysis

### A.  Motion for Partial Summary Judgment on Issues of Negligent Breach of Duty and Causation

To prevail on a claim of negligence under Mississippi law, "a
plaintiff must prove by the preponderance of the evidence each
element of negligence: duty, breach of duty, proximate causation

5

and injury." Schepens v. City of Long Beach, 924 So. 2d 620, 623 (Miss. Ct. App. 2006) (quoting K-Mart Corp. v. Hardy, 735 So. 2d 975, 981 (Miss. 1999)). Defendants do not challenge whether Toulmon owed a duty to Bridges, and a review of Mississippi law clearly shows that a duty was owed. See MISS. CODE ANN. § 63-3-1112 (providing: "[E]very driver of a vehicle shall exercise due care to avoid colliding with any pedestrian..."); Portlow v. McDonald, 877 So. 2d 414, 417 (Miss. Ct. App. 2003) ("The operator of a motor vehicle owes a pedestrian walking along the highway the duty to exercise reasonable or ordinary care to avoid injuring them.") (quoting Smith v. Walton, 271 So. 2d 409, 413 (Miss. 1973)). See also State Farm Auto Ins. Co. v. Davis, 887 So. 2d 192, 194 (Miss. Ct. App. 2004) (finding that the "Mississippi [L]egislature codified the "Rules of the Road" for the purpose of protecting those who use the roads, thereby establishing that every motorist owes a duty to every other traveler to exercise reasonable care to prevent injury and to operate his motor vehicle in accordance with the statutes.") (citing MISS. CODE. ANN. §§ 63-3-1 to 63-3-1213). Instead, Defendants argue:

> [I]t is not ususal, probable or ordinary that when one gets run out of one's lane in a remote rural area there will be a disabled, totally dark vehicle [or pedestrian] located on the shoulder occupying the very space one needs to enter in order to avoid being hit by the encroaching, passing driver.

See Mem. in Supp. of Third Mot. for Partial Summ. J., 18. As such, Defendants argue that striking Bridges while she was standing on or

6

near the shoulder of the interstate was not forseeable and/or
constituted an unavoidable accident for which Toulmon cannot be
held liable.

On the issue of forseeability, the Mississippi Supreme Court
has explained:

> Proximate cause of an injury [as required to support a
> negligence claim] is that cause, which in natural and
> continuous sequence unbroken by any efficient intervening
> cause, produces the injury and without which the result
> would not have occurred.  We have observed that in order
> for a person to be liable for an act which causes injury,
> the act must be of such character, and done in such a
> situation, that the person doing it should reasonably
> have anticipated that some injury to another will
> probably result therefrom.  The inquiry is not whether
> the thing is to be foreseen or anticipated as one which
> will probably happen, but whether it is likely to happen,
> even though the likelihood may not be sufficient to
> amount to a comparative probability.  Thus, under this
> Court's jurisprudence, foreseeability is an essential
> element of causation.
>
> The fact that an injury rarely occurs, or has never
> happened, is insufficient to protect the actor from a
> finding of negligence.  If some injury is to be
> anticipated, this Court will find liability even if the
> particular injury could not be foreseen.  [Defendant]
> should have reasonably anticipated some injury could
> occur as a result of her act.  However, remote
> possibilities do not constitute negligence from the
> judicial standpoint.  That is, we do not charge the actor
> with a prevision or anticipation which would include an
> unusual, improbable, or extraordinary occurrence,
> although such happening is within the range of
> possibilities.

Gulledge v. Shaw, 880 So. 2d 288, 293 (Miss. 2004) (alterations in
original) (citations omitted) (emphasis added).  The Court finds
that the presence of a pedestrian, like Bridges, on the shoulder of
the interstate, and the possibility that such pedestrian could be

7

injured by a motorist, are both forseeable occurrences.  To find otherwise would be inconsistent with the legislative enactments and Mississippi case law cited above.  In other words, if the presence of pedestrians on public roadways and highways was not a forseeable occurrence, there would be no basis for the Mississippi Legislature to enact statutory law, or the Mississippi courts to create common law, establishing a duty on the part of motorists to keep a reasonable lookout for pedestrians at all times and under all circumstances and to avoid injuring same.

Defendants next argue that summary judgment on the issue of negligence is warranted because Bridges's death resulted from an unavoidable accident – i.e. Bridges's death resulted because Toumlon's tanker was forced off the road by another tractor-trailer that drifted into his lane of traffic as it was passing him on the interstate.  An "unavoidable accident" under Mississippi law is defined as "an occurrence which was not intended, and, which, under all the circumstances, could not have been forseen or prevented by the exercise of reasonable precautions."[1]  Tillman v. Singletary, 865 So. 2d 350, 352 (Miss. 2003) (quoting Buford v. Riverboat Corp. of Miss.-Vicksburg, 756 So. 2d 765, 770-71 (Miss. 2000)).  The Mississippi Supreme Court has expounded on this definition using the following passage by William L. Posser:

---

[1]  An  unavoidable accident instruction "should be used with caution."  Tillman, 865 So. 2d at 352-53; Buford, 756 So. 2d at 770.

> No accident, of course, is entirely inevitable, so long
> as it results from any involuntary act.  If the defendant
> rides a horse, which runs away with him and injures the
> plaintiff, the accident is not strictly inevitable, since
> the defendant intentionally rode the horse, and might
> have prevented all harm by keeping him in the barn.  But
> the runaway is called 'unavoidable' if it did not result
> from any lack of proper care in the management of the
> horse, because both wrongful intent and negligence are
> lacking.  There is no liability in such a case ...

Buford, 756 So. 2d at 771 (quoting WILLIAM L. POSSER, THE LAW OF TORTS § 29, at 140-41 (4th ed. 1971)).

The evidence in the case *sub judice* supports a finding that the subject collision was not intended, thereby satisfying the first requirement necessary to prove an unavoidable accident.  To satisfy the second prong, Defendants must show that the collision between Toulmon and Bridges (1) was not forseeable and (2) could not have been "prevented by the exercise of reasonable precautions." Id. at 770.  As discussed above, the Court cannot find, as a matter of law, that a motor vehicle/pedestrian collision is an unforseeable event under Mississippi law.  Second, the Court finds that Plaintiff has presented sufficient evidence to create a jury question on the issue of whether the subject collision was preventable.  Specifically, Plaintiff introduced Toulmon's deposition in which he testified that immediately before striking Bridges: (1) his attention was solely focused on the tractor-trailer that was passing him, (2) he knew he was intentionally moving his tanker to the right and onto the shoulder of the road in order to avoid the passing tractor-trailer, (3) he does not

remember seeing Bridges's vehicle on the shoulder of the road, and (4) the first time he realized that something was on the shoulder of the road was when he felt the impact of his tanker striking Bridges.  See Resp. to Third Mot. for Partial Summ. J., Ex. K (Toulmon Dep.), at 28-46.  Plaintiff has also presented evidence that Toulmon, at the time of the accident, had already exceeded the maximum hours allowed under F.M.C.S.R. §§ 395.3(a)(1) & (2).  Id. at Ex. K (Toulmon Dep.), at 129-58.  The Court finds that there exists a genuine issue of material fact as to whether the number of hours driven by Toulman was a proximate cause of the subject collision.

After reviewing the evidence presented, the Court finds that there are genuine issues of material fact on the issues of negligence and liability in this case.  Accordingly, the Court finds that the Motion of Defendants for Partial Summary Judgment on Issues of Negligent Breach of Duty and Causation should be denied.

**B.   Motion for Partial Summary Judgment on the Recoverability of Actual Damages for Certain Elements of Injury or Loss not Incurred or Demonstrated in this Action**

The recovery of damages in a wrongful death action is governed by Mississippi Code Annotated Section 11-7-3, which provides, in relevant part:

> Except as otherwise provided in Section 11-1-69, in such action the party or parties suing shall recover such damages allowable by law as the jury may determine to be just, taking into consideration all the damages of every

10

kind to the decedent and all damages of every kind to any and all parties interested in the suit.

MISS. CODE ANN. § 11-7-13(1).[2]   Interpreting this provision, the Mississippi Supreme Court has found that the following categories of damages are recoverable in wrongful death actions:  medical costs, conscious pain and suffering of the deceased, funeral expenses, the present net cash value of the deceased's work life expectancy, loss of society and companionship, and, in proper cases, punitive damages. See generally Lewis v. Hiatt, 683 So. 2d 937, 942 (Miss. 1996); Jones v. Schaffer, 573 So. 2d 740, 743 (Miss. 1990); McGowen v. Estate of Wright, 524 So. 2d 308, 311 (Miss. 1988); Jesco, Inc. v. Whitehead, 451 So. 2d 706, 710 (Miss. 1984).

Defendants seek summary judgment on the issue of whether Plaintiff is entitled to recover medical expenses, hedonic damages, and/or loss of consortium damages.  Plaintiff, in his Response, indicates that he is either not claiming damages in any of these categories or that such damages are not recoverable under applicable law.  Accordingly, the Court finds that the issue of whether medical expenses and hedonic/loss of consortium damages are recoverable in this case is moot.

---

[2]   MISS. CODE ANN. § 11-1-69 disallows the recovery of hedonic or loss of enjoyment of life damages in wrongful death actions.

Defendants also seek summary judgment on the issue of whether Plaintiff can recover damages based on Bridges's pain and suffering after the subject collision.   The Mississippi Supreme Court has long held that "the plaintiff bears the burden to prove, by substantial evidence, that a decedent who is the subject of a wrongful death action survived and was conscious after the accident which resulted in the decedent's demise in order to recover damages for pain and suffering."   United States Fid. & Guar. Co. v. Estate of Francis, 825 So. 2d 38, 48 (Miss. 2002).   See also Avery v. Collins, 157 So. 695, 698 (Miss. 1934); Standard Oil Co. v. Crane, 23 So. 2d 297, 300 (Miss. 1945) (requiring that there be "substantial proof" of consciousness after a collision before the recovery of pain and suffering damages is allowed).   Thus, in cases in which "death in an accident is instantaneous, there can be no recovery for pain and suffering in a wrongful death action."   M & M Pipe and Pressure Vessel Fabricators, Inc. v. Roberts, 531 So. 2d 615, 621 (Miss. 1988) (citing Yazoo & Miss. Valley R.R. Co. v. Lee, 114 So. 866, 869 (Miss. 1928)).

In support of their Motion, Defendants submitted an affidavit from William D. Frazier, M.D., who avers that based on the injuries received by Bridges as a result of the collision, which included, inter alia, a fracture of the spinal column at the level of the first cervical vertebra and a transected brain stem, her death was instantaneous.   See Second Mot. for Partial Summ. J., Ex. F

(Frazier Affidavit).   In response, Plaintiff first cites the deposition testimony of Judy Peacock ("Peacock") and Rusty Bridges who stated that their sister, Creech, told them that Bridges did not die immediately after the collision.  The Court finds that the statements made by Creech to her siblings, because they are attempting to prove the truth of the matter asserted, that is Bridges survived and was conscious after the collision, are hearsay and, therefore, are not admissible and cannot be considered by the Court.   Plaintiff also argues that there is an issue of fact regarding whether Bridges's death was instantaneous based on the absence of any statement to this effect in the autopsy report prepared by Dr. Steven T. Hayne, and the deposition of Yazoo County Coroner Ricky Shivers who testified that there was a ninety-percent probability that Bridges's death was instantaneous.   The Court finds that this evidence does not affirmatively prove that Bridges actually survived and was conscious after the subject collision. Accordingly, the Court finds that Plaintiff has failed to establish that there exists a genuine issue of material fact regarding whether Bridges's death was instantaneous, or whether she was conscious after the subject collision.   The Court additionally finds that Defendants are entitled to summary judgment on the issue of whether pain and suffering damages are recoverable in this case.

Next, Defendants seek summary judgment on the issue of lost economic expectancy.   In support of this motion, Defendants have

produced evidence showing that Bridges was eight-nine years old at the time of her death, she retired at the age of seventy-two, and her living expenses were paid using benefits she received from Social Security and pension/retirement plan(s) through her former employer.  Defendants also argue that summary judgment is warranted because Plaintiff failed to produce any of Bridges's income tax records, and failed to properly designate an economist to provide expert testimony regarding her lost economic expectancy.

In response, Plaintiff produced Bridges's income tax records for tax years 2002, 2003, and 2004.[3]  Plaintiff also cites the deposition of Rusty Bridges who testified that Decedent had an annual gross income of approximately $16,000, which was comprised of Social Security benefits, retirement/pension plan(s) benefits, and earnings from sporadic seamstress work done.  The Mississippi Supreme Court has allowed the recovery of Social Security and other retirement benefits in wrongful death cases.  See Burr v. Mississippi Baptist Med. Ctr., 909 So. 2d 721 (Miss. 2005); McGowen, 524 So. 2d at 310.  The recovery of income, however, must

---

[3]  On December 22, 2006, Defendants filed a Motion to Strike these tax records on the basis that they were not produced during discovery even though they had been the subject of a formal request for documents under Rule 34 of the Federal Rules of Civil Procedure, and had been orally requested several times thereafter. The Court, while it does not condone Plaintiff's failure to produce the requested tax documents during the relevant discovery period, finds that Defendants will not be prejudiced in the event they are considered by the Court.  Accordingly, the Court denies Defendants' Motion to Strike as it relates to the subject tax records.

be offset by the amount that the decedent would have spent on her own living expenses.  See McGowen, 524 So. 2d at 311.

The Court, at this time, cannot determine whether Rusty Bridges's testimony regard Decedent's income is based on his own personal knowledge or the hearsay statements of Bridges and/or Peacock.  The evidence submitted to the Court also fails to establish (1) Bridges's life expectancy at the time of her death, and (2) whether her yearly personal living expenses were less than her estimated gross income.  Accordingly, the Court finds that the issue of whether Plaintiff can recover damages in the form of Bridges's lost economic expectancy should be held in abeyance until trial.  Such damages, however, will not be permitted unless Plaintiff can establish, with properly supported and admissible evidence, Bridges's life expectancy and that her personal living expenses were less than $16,000. annually.

Finally, in their Motion for Partial Summary Judgment, Defendants request a declaratory judgement limiting the recovery of funeral expenses to $6,585. (as supported by the evidence produced in discovery) and a declaration that damages for loss of companionship must be proven at trial.  The Court finds that as both of these types of damages are recoverable in a wrongful death action, Plaintiff shall be permitted to introduce admissible evidence at trial to prove his entitlement to same.

## C.   Motion for Partial Summary Judgment that Punitive Damages are not Recoverable

Defendants seek partial summary judgment on the issue of punitive damages.  Under Mississippi law, the recovery of punitive damages is disfavored and permitted only in extreme cases.  See Life & Cas. Ins. Co. of Tenn. v. Bristow, 529 So. 2d 620, 622 (Miss. 1988) ("Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and allowed with caution and within narrow limits."); Gardner v. Jones, 464 So. 2d 1144, 1148 (Miss. 1985).  "When deciding whether to submit the issue of punitive damages to a trier of fact, the trial court looks at the totality of the circumstances, as revealed in the record, to determine if a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard."  Bradfield v. Schwartz, 936 So. 2d 931, 936 (Miss. 2006) (citing Ross–King–Walker, Inc. v. Henson, 672 So. 2d 1188, 1191 (Miss. 1996)).  Thus, "in order for the issue of punitive damages to warrant jury consideration, [the plaintiff] must show that a question of fact exists as to whether the aggregate of [the defendants'] conduct ... evidences willful or wanton conduct or the commission of a fraud."  Id. at 937.

The Court, based on the evidence currently before it, cannot conclusively determine whether the issue of punitive damages should be submitted to the jury.  Although the Court recognizes that Mississippi generally disfavors punitive damages in motor vehicle

cases, the Court finds that it will be in a better position to determine whether such damages may be permitted on the facts in this case after hearing the evidence admitted at trial. Accordingly, the Court finds that the Motion of Defendants for Partial Summary Judgment on the Issue of Punitive Damages should be denied, without prejudice.

### III.  Conclusion

For the forgoing reasons:

IT IS THEREFORE ORDERED that the First Motion of Defendants for Partial Summary Judgment that Punitive Damages are not Recoverable [Docket No. 97] is hereby denied, without prejudice.

IT IS FURTHER ORDERED that the Second Motion of Defendants for Partial Summary Judgment on the Recoverability of Actual Damages for Certain Elements of Injury or Loss not Incurred or Demonstrated in this Action [Docket No. 100] is hereby granted in part and denied in part.

IT IS FURTHER ORDERED that the Third Motion of Defendants for Partial Summary Judgment on Issues of Negligent Breach of Duty and Causation [Docket No. 103] is hereby denied.

SO ORDERED this the 5th day of February, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE