IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RUSTY BRIDGES, Individually and on
Behalf of all Wrongful Death Beneficiaries
and on Behalf of the Estate of
MARY CLAUDINE BRIDGES**                                            **PLAINTIFF**

VS.                                      CIVIL ACTION NO. 3:05cv786-WHB-LRA

**ENTERPRISE PRODUCTS COMPANY, INC.,
d/b/a ENTERPRISE TRANSPORTATION COMPANY,
RAYMOND TOULMON, and JOHN DOES 1-5**                              **DEFENDANTS**

### OPINION AND ORDER

This cause is before the Court on several motions of the parties seeking to strike or limit expert opinions/testimony and other evidence in this case. The Court has considered the Motions, Responses, Rebuttals, attachments to each, as well as supporting and opposing authorities and finds:

The Motion of Defendants to Strike Late-Filed, Inadmissible, Improperly [sic] and Other Matter ("Motion to Strike Other Matters"), should be granted in part and denied in part.[1]

The Motion of Defendants to Strike Plaintiffs' Designation of Dane Maxwell as Plaintiffs' Expert and to Exclude his Specific Opinions on, *Inter Alia*, Defendant Toulmon's Truthfulness, "Fatigue" and Causation by Fatigue as Unfounded, on his Reconstruction of the Accident, on Operational Cause and Hours-of-Service and Record Keeping as Superfluous and not Helpful to the Trier of Fact ("Motion to Strike Maxwell") should be granted to the

---

[1] Plaintiff did not file a Response to this Motion.

extent Defendants seek to exclude Maxwell's opinions regarding fatigue and fatigue-related causation.

The Motion of Defendants to Strike Plaintiffs' Designation of Tim Corbitt as Plaintiffs' Expert and to Exclude his Specific Opinions on, *Inter Alia*, Defendant Toulmon's Truthfulness, "Fatigue" and Causation by Fatigue as Unfounded, his Opinions on Operational Cause and Location of the Collision as Superfluous and not Helpful to the Trier of Fact ("Motion to Strike Corbitt") should be granted to the extent it seeks to exclude Corbitt's testimony/opinions regarding fatigue and fatigue-related causation.

Plaintiff's Motion to Strike or Limit the Testimony of Defendants' Expert Witness Brett Alexander ("Motion to Strike Alexander") is not well taken and should be denied without prejudice.

Plaintiff's Motion to Strike or Limit the Testimony of Defendants' Expert Witness Rodney Ellis ("Motion to Strike Ellis") is denied.

Plaintiff's Motion to Strike or Limit the Testimony of Defendants' Expert Witness Whitney G. Morgan ("Motion to Strike Morgan") should be granted to the extent it seeks to exclude Whitney's testimony/opinions regarding fatigue.

Plaintiff's Motion to Strike or Limit the Testimony of Defendants' Expert Witness Dr. William D. Frazier ("Motion to Strike Frazier") should be denied as moot.

## I. Factual Background and Procedural History

The factual background and procedural history of this case are recited in the February 5, 2007, Opinion and Order of the Court by which the motion of Defendants for partial summary judgment on the issue of liability was denied, the motion of Defendants for partial summary judgment on the issue of recoverability of actual damages was granted in part and denied in part, and the motion of Defendants on the issue of punitive damages was denied without prejudice.  See Docket No. 180.

## II. Standard for Admission of Expert Testimony

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The United States Court of Appeals for the Fifth Circuit has held that when deciding whether expert testimony is admissible, "the court must ensure the expert uses reliable methods to reach his opinions; and those opinions must be relevant to the facts of the case."  Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509

U.S. 579, 593-94 (1993)).  To determine whether proposed expert testimony is reliable, the Court considers the following, non-exclusive, list of factors:  "whether the proposed evidence or theory 'can be (and has been) tested'; whether it 'has been subjected to peer review and publication'; whether it has been evaluated in the light of 'potential rate[s] of error'; and whether the theory has been accepted in the 'relevant scientific community'."  Id. (citing Daubert, 509 U.S. at 593-94).  The analysis of whether proposed expert testimony is reliable "must remain flexible:  not every Daubert factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant."  Id. (citations omitted).

### III.  Legal Analysis

**A. Dane Maxwell**

Defendants seek to exclude certain testimony/opinions of Dane Maxwell ("Maxwell"), who has apparently been designated in the area of Federal Motor Carrier Safety Regulations ("FMCSR").  In his First Preliminary Report, Maxwell offered the following opinions: (1) Defendant Raymond Toulmon ("Toulmon") repeatedly falsified his driving log, (2) Toulmon's employer, Enterprise Products Company, Inc. ("Enterprise") was aware of these falsifications but failed to take corrective action, (3) Toulmon acted with gross negligence by violating the eleven and fourteen hour driving limits prescribed by

4

the FMCSRs, (4) Enterprise was grossly negligent by allowing Toulmon to falsify his driving log and violate the FMCSRs, (5) Toulmon was out-of service (had driven longer than allowed under the FMCSR §§ 395.3(a)(1)&(2)) and should not have been driving at the time of the subject collision, and (6) the actions of Toulmon and Enterprise both contributed to the collision.  See Resp. to Motion to Strike Maxwell, Ex. B.  In his Supplemental Report, Maxwell included the following opinion:  "Toulmon was fatigued at the time of the wreck; that the hours of service violations by Toulmon both show he was fatigued and are a cause or contributing cause of the wreck; Toulmon's violation of the log hours (log falsification) are a cause or contributing cause of the wreck." See Id., Ex. C.  Maxwell also offered several opinions regarding the qualifications and/or opinions offered by the expert witnesses designated by Defendants.  Id., Ex. C.

Defendants, through their Motion to Strike Other Matters, seek to strike the opinions offered by Maxwell in his October 23, 2006, Supplemental Report.  Defendants first argue that this report should be treated as a sworn repudiation of Maxwell's prior deposition testimony, and is therefore inadmissible for the purpose of defeating a properly supported motion for summary judgment.  See Kennett-Murray Corp. v. Boone, 622 F.2d 887, 894 (5th Cir. 1980).  The Court finds that as it was not required to consider Maxwell's Reports when considering the motions for summary judgment, and as his reports are not admissible evidence, this argument is moot.

5

Next, Defendants argue that the Supplemental Report should be excluded pursuant to FED. R. CIV. P. 26(b)(4)(A) because it was produced after the date on which Maxwell was deposed.[2] The Federal Rules of Civil Procedure, however, also provide:

> A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. <u>With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time [such] disclosures ... are due.</u>

FED. R. CIV. P. 26(e)(1). Under the Local Rules of this Court, supplemental disclosures required by Rule 26(e)(1), must be submitted before the discovery cut-off as established by the scheduling order. <u>See</u> Local Rule 26.1(5). Maxwell's Supplemental Report was produced on October 23, 2006, which was before the November 11, 2006, discovery deadline in this case. As such, the Court finds no merit in the argument that Maxwell's Supplemental Report should be excluded as untimely. Additionally, the Court finds that as the opinions offered by Maxwell in his Preliminary and Supplemental Reports are similar, and that Defendants deposed

---

[2] Rule 26(b)(4)(a) provides:
A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

Maxwell regarding these opinions, they will not be prejudiced in the event the opinions presented in the Supplemental Report are not excluded. Accordingly, the Court finds that the Motion of Defendants to Strike Other Matters, to the extent that Motion seeks to strike the Supplemental Report produced by Maxwell, is not well taken and should be denied.

Through their Motion to Strike Maxwell, Defendants seek to strike Maxwell's opinions regarding fatigue and fatigue-related causation. In the pleadings before the Court, both parties have extensively briefed the issues of whether Maxwell is qualified to render opinions regarding fatigue and fatigue-related causation, the methodology and facts/data upon which these opinions are based, and the manner in which his opinions were formulated. Before addressing any of these issues, the Court must first consider whether Maxwell's opinions regarding fatigue and fatigue-related causation "will assist the trier of fact to understand the evidence or to determine a fact in issue," which is a question of relevance. See Daubert, 509 U.S. at 591; Fed. R. Evid. 702. In order to "assist the trier of fact," the opinions/testimony of an expert witness must "concern matters beyond the understanding of the average person." 4 Weinstein's Federal Evidence, § 702.03 (2 ed. 2003). See also United States v. Moore, 997 F.3d 55, 57 (5th Cir. 1993) ("An expert's testimony may take the form of an opinion if it 'serves to inform the jury about affairs not within the understanding of the average man.'") (quoting United States v.

7

Webb, 625 F.2d 709, 711 (5th Cir. 1980)); Gust v. Jones, 162 F.3d 587, 594-95 (10th Cir. 1998) (finding that expert testimony may be excluded in cases in which the "normal life experiences of the jury would permit it to draw its own conclusions" and "when expert testimony is offered to explain a question the jury is capable of assessing itself.") (citations omitted).

The Court finds Maxwell's opinions regarding whether Toulmon was fatigued and whether that fatigue proximately caused the subject collision are not required to assist the jury in understanding the evidence or facts in this case. The Court finds that the effects of driving extended periods of time are generally known by the "average man." Therefore, the jury can decide for itself whether Toulmon was fatigued based on the number of hours he drove, and whether that fatigue, if any, proximately caused or contributed to the subject collision. The Court will permit Maxwell to testify regarding the content of the FMCSRs and whether Toulmon was in violation of those Regulations during the relevant time period. Maxwell, however, will not be allowed to offer any opinion or testimony regarding fatigue and/or fatigue-related causation at trial.

**B.  Tim Corbitt**

Defendants seek to exclude certain testimony/opinions of Tim Corbitt ("Corbitt"), who has been designated in the area of accident reconstruction. In his Collision Reconstruction Report,

Corbitt made the following determinations: (1) Mary Claudine Bridges's ("Bridges") vehicle was stopped on the emergency lane of Interstate 55, approximately four feet from the road, (2) Bridges was standing near her vehicle outside the traffic lanes, (3) the tail lights of the vehicle Bridges was towing would have reflected light from oncoming headlights, (4) Toulmon drove outside of the marked traffic lanes, into the emergency lane, (5) the angle of skid marks and the angle of the tire trail do not establish emergency steering by Toulmon to avoid colliding with a passing vehicle, (6) there was no visible sign of contact with another vehicle on the driver's side of Toulmon's tanker, (7) there is no known evidence that Toulmon was avoiding another vehicle when his vehicle left the traffic lane and struck Bridges, (8) Toulmon was traveling at approximately 69-74 miles per hour, and (9) Toulmon operated his vehicle in violation of Mississippi Code Annotated Section 63-3-1213.  <u>See</u> Resp. to Motion to Strike Corbitt, Ex. B. In the Supplement to his Collision Reconstruction Report, Corbitt added the following:

> Toulmon was violating the log requirements and driving while he was over the limit for drive time.  He also was falsifying the information is his logs.  On the date of the wreck ... Toulmon should not have been on the road operating a commercial vehicle because he should have been out of service and not able to operate the vehicle. The length of his driving time would indicate violation of the Federal Motor Carrier Safety Standards and would indicate that he was fatigued.  Enterprise had caught Toulmon in September 2003 and September 2004 falsifying his log books but took no action to make sure it would stop.  It is my opinion that the acts of Toulmon and

9

>     Enterprise caused the accident with the Bridges vehicle
>     on December 16, 2005.

Id., Ex. C.  Finally, in the Second Supplement to his Collision Reconstruction Report, Corbitt offered opinions regarding the qualifications/opinions of the experts designated by Defendants, and cited additional materials to support his opinion that Toulmon was fatigued based on the number of hours he had driven, and that his fatigue contributed to the subject collision.  Id., at D.

Defendants, through their Motion to Strike Other Matters, seek to strike the opinions offered by Corbitt in the October 31, 2006, Second Supplement to his Collision Reconstruction Report and his post-deposition affidavit.  As with Maxwell, Defendants argue that these documents should be treated as sworn repudiations of Corbitt's prior deposition testimony, and are therefore inadmissible for the purpose of defeating summary judgment. Again, as the Court was not required to consider the Second Supplement or Corbitt's affidavit when considering the motions for summary judgment, and as his reports/affidavit are not admissible evidence, the Court finds that this argument is moot.  Secondly, the Court finds that as Corbitt's Second Supplement to his Collision Reconstruction Report was produced prior to the November 11, 2006, discovery deadline, the argument that it was untimely produced lacks merit. Additionally, the Court finds that as the opinions offered by Corbitt in his pre-deposition Collision Reconstruction Report and Supplement thereto are similar to those offered in the

10

post-deposition Second Supplement, and that Defendants deposed Corbitt regarding these opinions, they will not be prejudiced in the event the opinions contained in the Second Supplement are not excluded. Accordingly, the Court finds that the Motion of Defendants to Strike Other Matters, to the extent that Motion seeks to strike the Second Supplemental Report and affidavit produced by Corbitt, is not well taken and should be denied.

Through their Motion to Strike Corbitt, Defendants seek to strike Corbitt's opinions on (1) certain issues of accident reconstruction, and (2) fatigue and fatigue-related causation. With regard to the first issue, Defendants do not argue that Corbitt is unqualified to render an expert opinion in the area of accident reconstruction. Instead, Defendants seek to exclude his opinions on the bases that he provided testimony during his deposition that contradicted his proffered opinions and he failed to consider or otherwise omitted relevant facts when formulating his opinions. The Court finds that the issues of whether Corbitt provided inconsistent statements and/or failed to consider allegedly pertinent facts when formulating his opinions relate to credibility, not admissibility. Accordingly, the Court finds that Corbitt should not be excluded as an expert witness as this time.

With regard to the issues of fatigue and fatigue-related causation, for the reasons stated *supra* at 8-9, the Court finds that Corbitt's opinions regarding fatigue and fatigue-related causation should be excluded because they will not assist the trier

11

of fact in making a determination on either of these issues. Further, the parties are cautioned that the Court will not permit the introduction of repetitive or cumulative evidence regarding the FMCSRs and/or whether they were violated by Toulmon at trial.

**C.  Motion to Strike Other Matters**

In addition to seeking to strike the supplemental reports of Maxwell and Corbitt, Defendants seek to strike any remark or statement by Brenda Creech ("Creech").  Creech was an eyewitness to the subject collision, but died before giving any testimony in this case.  The Court finds that any attempt to use statements or remarks made by Creech to prove the truth of the matter asserted, for example that Bridges survived and was conscious after the subject collision or that Creech saw only one set of headlights on the road before Bridges was struck, are hearsay and inadmissible as evidence at trial.

Second Defendants seek to strike any economist from testifying at trial on the basis that Plaintiff did not produce a written report from any such expert during discovery.  In accordance with Local Rule 26.1(2)(b), which provides:  "An attempt to designate an expert without providing full disclosure information as required by [FED. R. CIV. P. 26(a)(2)] will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court."  As no written expert report from any economist has

been produced by Plaintiff, Plaintiff will not be allowed to designate or otherwise call such expert to testify at trial.

Third, Defendants seek to exclude from evidence documents and other information previously undisclosed in this case. The Court will reserve ruling on this issue pending identification of specific documents/information from those exhibits designated by Plaintiff in the proposed pre-trial order.

Finally, Defendants seek to exclude Bridges's income tax records for tax years 2002, 2003, and 2004, on the basis that they were not produced during discovery, even though they had been requested through formal requests for production of documents. The Court finds that although untimely produced, these records have now been produced and, because of their relatively simple nature, sufficient time exists before trial so that Defendants will not be prejudiced by their late production. Accordingly, the Court finds that the subject tax records may be admitted into evidence assuming proper predicate is laid.

### D. Plaintiff's Motions to Strike

Plaintiff seeks to exclude or limit the testimony of William D. Frazier, M.D., as it relates to his opinion that Plaintiff's expert witnesses Maxwell and Corbitt are not qualified to provide expert opinions regarding whether Toulmon was fatigued or whether such fatigue caused or contributed to the subject collision. As the Court has found that neither Maxwell nor Corbitt will be

13

permitted to testify regarding fatigue or fatigue-related causation, the Court finds that the Motion to Strike Frazier is moot, and should be denied without prejudice. There will be no need for such testimony from Frazier.

Second, Plaintiff seeks to exclude or limit the testimony of Whitney G. Morgan ("Morgan") regarding fatigue and fatigue-related causation. For the reasons stated *supra* at 8-9, the Court finds that Morgan's opinions regarding fatigue and fatigue-related causation should be excluded because they will not assist the trier of fact in making a determination on either of these issues. Morgan, however, will be permitted to testify regarding the content of the FMCSRs and whether Toulmon violated or was in compliance with these Regulations at the time of the subject collision.

Third, Plaintiff seeks to exclude or limit the testimony of Brett Alexander ("Alexander"), first as it relates to his opinion that Plaintiff's expert witnesses Maxwell and Corbitt are not qualified to provide expert opinions regarding whether Toulmon was fatigued or whether such fatigue caused or contributed to the subject collision. Again as the Court has found that neither Maxwell nor Corbitt will be permitted to testify regarding fatigue or fatigue-related causation, the Court finds that Plaintiff's Motion to Strike Alexander on this basis is moot. Second, Plaintiff seeks to exclude/limit Alexander's testimony regarding his accident reconstruction opinions by claiming he failed to consider several relevant facts in this case. The Court finds that

14

the issue of whether Alexander omitted and/or failed to consider allegedly pertinent facts when formulating his opinions is one of credibility, not admissibility. Finally, Plaintiff's argue that Alexander's opinions should be excluded as cumulative. As cautioned above, the Court will not permit the introduction of repetitive or cumulative evidence at trial. The Court, however, cannot determine at this time whether Alexander's testimony would be cumulative. Accordingly, the Court finds that Plaintiff's Motion to Strike Alexander should be denied without prejudice.

Finally, Plaintiff seeks to exclude the testimony of Rodney Ellis ("Ellis"), who is described as an "experienced, professional over the road truck driver." The Court finds that Ellis, based on his experience as a professional truck driver, may testify as an expert witness. See Fed. R. Evid. 702 (providing that a witness may be qualified as an expert based on "knowledge, skill, experience, training or education"). The Court additionally finds that Ellis, based on his personal experience as a truck driver, would have direct knowledge as to whether a driver would be fatigued after driving the number of hours as had Toulmon before the subject collision. The Court finds that Ellis is qualified as an expert, and may testify on the issue of whether a driver would be fatigued after driving the number of hours driven by Toulmon. Accordingly, Plaintiff's Motion to Strike Ellis is denied.

## IV.   Conclusion

For the forgoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants to Strike Late-Filed, Inadmissible, Improperly [sic] and Other Matter [Docket No. 126] is hereby granted in part and denied in part.

IT IS FURTHER ORDERED that the Motion of Defendants to Strike Plaintiffs' Designation of Dane Maxwell as Plaintiffs' Expert and to Exclude his Specific Opinions on, *Inter Alia*, Defendant Toulmon's Truthfulness, "Fatigue" and Causation by Fatigue as Unfounded, on his Reconstruction of the Accident, on Operational Cause and Hours-of-Service and Record Keeping as Superfluous and not Helpful to the Trier of Fact [Docket No. 120] is hereby granted to the extent Defendants seek to exclude Maxwell's testimony/opinions regarding fatigue and fatigue-related causation.

IT IS FURTHER ORDERED that the Motion of Defendants to Strike Plaintiffs' Designation of Tim Corbitt as Plaintiffs' Expert and to Exclude his Specific Opinions on, *Inter Alia*, Defendant Toulmon's Truthfulness, "Fatigue" and Causation by Fatigue as Unfounded, his Opinions on  Operational Cause and Location of the Collision as Superfluous and not Helpful to the Trier of Fact [Docket No. 123] should be granted to the extent it seeks to exclude Corbitt's testimony/opinions regarding fatigue and fatigue-related causation.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike or Limit the Testimony of Defendants' Expert Witness Brett Alexander [Docket No. 145] should be denied without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike or Limit the Testimony of Defendants' Expert Witness Rodney Ellis [Docket No. 148] is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike or Limit the Testimony of Defendants' Expert Witness Whitney G. Morgan [Docket No. 150] is granted to the extent it seeks to exclude Whitney's testimony/opinions regarding fatigue.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike or Limit the Testimony of Defendants' Expert Witness Dr. William D. Frazier [Docket No. 152] is denied as moot.

SO ORDERED this the 8th day of February, 2007.

                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE