IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RUSTY BRIDGES, Individually and on
Behalf of all Wrongful Death Beneficiaries
and on Behalf of the Estate of
MARY CLAUDINE BRIDGES                                          PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:05cv786-WHB-LRA

ENTERPRISE PRODUCTS COMPANY, INC.,
d/b/a ENTERPRISE TRANSPORTATION COMPANY,
RAYMOND TOULMON, and JOHN DOES 1-5                             DEFENDANTS


<u>OPINION AND ORDER</u>

This cause is before the Court on the following Motions in Limine:

1.   Motion of Defendants to exclude autopsy photographs

2.   Motion of Defendants to bar cumulative fatigue expert testimony

3.   Motion of Defendants to bar testimony based on *post hoc ergo propter hoc* conclusions

4.   Motion of Defendants to exclude argument that Plaintiff seeks greater than $1,000,000 in non-economic damages

5.   Motion of Defendants to exclude evidence regarding other similar incidents involving Defendant Raymond Toulmon

6.   Plaintiff's Motion in Limine

The Court has considered the Motions, Responses, attachments, as well as supporting and opposing authorities and finds:

1.  **Motion of Defendants to exclude autopsy photographs**

Through this motion, Defendants seek to exclude from evidence autopsy photographs of Plaintiff's Decedent Mary Claudine Bridges ("Bridges") on the bases that they are not relevant and highly prejudicial. During the pretrial conference that was held on February 9, 2007, counsel for Plaintiff indicated that in addition to the autopsy photographs, he was also planning to introduce several photographs taken at the scene of the accident. At the request of the Court, Plaintiff's attorney has submitted the seven autopsy photographs and twenty-five accident scene photographs he proposes to introduce as evidence at trial for *in limine* review.

**Autopsy Photographs**: Plaintiff argues that the proposed autopsy photographs should be admitted as they display the type and severity of Bridges's injuries. In this case, the parties do not dispute that Bridges, a pedestrian, was struck by a tanker truck driven by Defendant Raymond Toulmon ("Toulmon"), or that she died because of the injuries she received in that collision. The evidence also shows that Bridges was pronounced dead at the scene of the accident and that her death was instantaneous. There is no evidence that Bridges survived or was conscious after the subject collision. Accordingly, the Court finds that the type and severity of Bridges's injuries are not relevant in this case.

Plaintiff also argues that the photographs are probative on the issues of (1) the manner in which the accident occurred and (2)

2

the direction Bridges was facing when she was struck.  The Court finds that the first issue lacks merit as Plaintiff will be able to demonstrate the manner in which the accident occurred by using the photographs of the accident scene, which depict *inter alia* the position of the vehicles involved in the collision, the damage to the vehicles, and Bridges's position in relation to the vehicles. As regards the second issue, Plaintiff argues that the direction Bridges was facing is relevant because it demonstrates that she "was facing the oncoming truck and would have been aware that she was being struck by a truck." Resp. to Mot. in Limine, 2.  Whether Bridges was aware of the oncoming truck, however, is not probative in a wrongful death case.  See <u>M & M Pipe and Pressure Vessel Fabricators, Inc. v. Roberts</u>, 531 So. 2d 615, 621 (Miss. 1988) (finding that the "momentary anxiety caused by an anticipated accident can[not] support damages for pain and suffering under the wrongful death statute.").

Additionally, the Court finds that any probative value of the autopsy photographs is substantially outweighed by the danger of unfair prejudice and invoking bias on the part of the jury.  See <u>Jackson v. Firestone Tire & Rubber Co.</u>, 788 F.2d 1070, 1085 (5th Cir. 1986) (finding that photographs of a victim bleeding profusely are classic examples of evidence properly excluded under Rule 403 because they tend to induce a jury decision on a purely emotional basis).  Accordingly, the Court finds that the autopsy photographs

should be excluded under Rules 402 and 403[1] and, therefore, that the motion in limine to strike the autopsy photographs should be granted.

**Accident Scene Photographs:** Plaintiff argues that the proposed accident scene photographs should be admitted to show the position of Bridges's body, the position of the vehicles involved in the collision, and other information regarding the manner in which the accident occurred.  The Court has reviewed the proposed accident scene photographs and finds:

The following may be introduced: 10, 31-38, 74, 75, 109

One of the following may be introduced: 1, 2, 3, 8 or 9

One of the following may be introduced: 5, 6, 7 or 9

One of the following may be introduced: 105, 106, 107 or 108

The following is excluded: 88

**2.   Motion of Defendants to bar cumulative fatigue expert testimony**

Through this motion, Defendants seek to prevent Plaintiff's expert witnesses, Dane Maxwell ("Maxwell") and Tim Corbitt ("Corbitt"), from offering testimony regarding whether Toulmon was fatigued or is presumed fatigued based on the number of hours he had driven before the subject collision.  The Court has previously held that neither Maxwell nor Corbitt will be permitted to testify

_____

[1]  Unless otherwise indicated, the term "Rule" will refer to the Federal Rules of Evidence throughout this Opinion and Order.

regarding fatigue or fatigue-related causation at trial as such testimony is not necessary to assist the trier of fact in this case.  <u>See</u> Opinion and Order [Docket No. 184].  Accordingly, the Court finds that this motion in limine is moot.

3.     **Motion of Defendants to bar testimony based on *post hoc ergo propter hoc* conclusions**

Through this motion, Defendants seek to prevent Plaintiff, his attorneys and/or his witnesses from making any statement, argument, or remark during trial that is based on *post hoc ergo propter hoc* conclusions.  As an example, Defendants seek exclusion of the following argument:  "because Mr. Toulmon hit Mrs. Bridges off the road, he must have been asleep or fatigued."

At this time, the Court cannot rule on the subject motion because it does not have all the alleged "*post hoc ergo propter hoc* conclusions" before it.  The Court, however, finds that the argument offered by way of example should be excluded.  First, as discussed above, the Court has previously held that Plaintiff's expert witnesses will not be permitted to testify regarding fatigue or fatigue-related causation at trial.  Second, lay witnesses can only offer opinions that are "rationally based on the perception of the witness."  F<small>ED</small>. R. E<small>VID</small>. 701.  Finally, arguments by an attorney must be supported by admissible evidence.  <u>See</u> Rule 83.5 of the Uniform Local Rules of the United States District Court for the

Southern District of Mississippi.[2]  Accordingly, the Court finds that this motion in limine should be granted with respect to the specific example cited by Defendants.  The Court will otherwise deny the motion, without prejudice, thereby allowing either party to raise this issue as necessary during trial.

**4.   Motion of Defendants to exclude evidence or argument that Plaintiff seeks greater than $1,000,000 in non-economic damages**

Through this motion, Defendants seek to exclude any argument or remark that Plaintiff seeks compensable damages in excess of $1,000.000.  In support of this motion, Defendants cite Mississippi Code Annotated Section 11-1-60, which provides:  "In any civil action filed on or after September 1, 2004, ... in the event the trier of fact finds the defendant liable, they shall not award the plaintiff more than One Million Dollars ($1,000,000.00) for noneconomic damages."  MISS. CODE ANN. § 11-1-60(2)(b).  The relevant statute, however, also provides:  "The trier of fact shall not be advised of the limitations imposed by this subsection ... and the

_____

[2]   Under Local Rule 83.5, an attorney appearing in federal district court is "bound by the provisions of the Mississippi Rules of Professional Conduct."  Rule 3.4(e) of the Mississippi Rules of Professional Conduct, in turn, prohibits an attorney, while in trial, from:  "allud[ing] to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert[ing] personal knowledge of facts in issue except when testifying as a witness, or stat[ing] a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of the accused."

judge shall appropriately reduce any award of noneconomic damages that exceeds the applicable limitations." <u>Id.</u>, at § 11-1-60(2)(c). The Court finds that while the cited code provisions require the judge to remit an excessive award of non-economic damages to ensure compliance with the statutory cap, they do not restrict the type of arguments that can be made at trial.  Accordingly, the Court finds that this motion in limine should be denied.

5.    **Motion of Defendants to exclude evidence or testimony regarding other similar incidents involving Defendant Raymond Toulmon**

Through this motion, Defendants seek to exclude evidence or testimony regarding "other similar incidents" involving Toulman either prior to or after the subject collision.  As understood by the Court, the phrase "other similar incidents" refers to alleged violations by Toulmon of the Federal Motor Carrier Safety Regulations ("FMCSR").  The Court finds that evidence of whether Toulmon previously or subsequently violated the FMCSRs, while it may not be relevant on the issue of liability, would be relevant on the issue of punitive damages.  Accordingly, the Court finds that this motion in limine should be granted during the liability and compensatory damages portion of the trial, but denied during the punitive damages portion, if one, of the trial.  If there is a punitive damages portion of the trial, Plaintiff will have to

establish proper predicate before any evidence of "other similar incidents" will be admitted.

### 6. Plaintiff's Motion in Limine

**(1)  To excluded any mention or reference to the autopsy report or coroner's file and Certificate of Death which conclude that Mary Bridges's death was instantaneous or immediate**

**(2)  To exclude any mention of, or reference or use of deposition or trial testimony regarding Mary Bridges's death being instantaneous or immediate**

Through these motions, Plaintiff seeks to exclude evidence that Bridges's death was instantaneous.  As there do not exist genuine issues of material fact regarding whether Bridges's death was instantaneous or whether she was conscious after the subject collision in this case, the Court finds that these motions in limine should be denied.

**(3)  To exclude any mention of, or reference or use of witness Brenda Creech having narcotics in her coat at the scene of the accident or of any narcotics alleged to be in a jacket of Brenda Creech**

Through this motion, Plaintiff seeks to exclude all evidence regarding the presence of narcotics in the jacket of Brenda Creech ("Creech").  Plaintiff first argues that this evidence should be excluded as inadmissible hearsay.  Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter

asserted." FED. R. EVID. 801(c). A "statement", for the purposes of Rules 801 through 807, is "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." FED. R. EVID. 801(a). The Court finds that the presence of narcotics in Creech's clothing is not a "statement" under Rule 801(a) and, therefore, does not constitute hearsay.

Second, Plaintiff argues that this evidence should be excluded as it is speculative, irrelevant and/or prejudicial. In response, Defendants argue that the presence of narcotics on the person or in the clothing of Creech may be relevant on the issues of (1) contributory negligence (whether Creech was driving while under the influence of a controlled substance and/or whether she failed to connect the trailer lights as a result of that impairment) and (2) the credibility of her observations prior to, during, and after the subject collision. With regard to the first issue raised by Defendants, the Court was not presented any evidence to show that Creech had taken any narcotic medication before the subject collision, or had any toxicologic assays done to determine whether such medication was in her body during the relevant time period. As regards the issue of credibility, the Court has previously held that any statement made by Creech is inadmissible hearsay in the event it is offered to prove the truth of the matter asserted.

As there is no evidence that Creech was under the influence of any substance either while driving or at the time the trailer was

9

attached to Bridges's pickup truck, and as Creech's statements regarding the cause and/or consequences of the subject accident are inadmissible hearsay, the Court finds that this motion in limine should be granted under Rules 402 and 403.

**(4)   To exclude mention of, or reference or use of Judy Pencock, Brenda Creech, David Shoemaker, Kiesha Shoemaker having a criminal record or having any prior history of arrests**

Through this motion, Plaintiff seeks to exclude as evidence the criminal records or arrests of certain individuals who are identified as Bridges's wrongful death beneficiaries and/or heirs at law. The Court first finds that whether the subject individuals have criminal histories does not bear on the issue of whether they have suffered a loss of companionship secondary to Bridges's death. Second, as the Court has excluded statements made by Creech regarding the manner in which the subject collision occurred as hearsay, there is no basis for permitting evidence regarding prior criminal convictions for the purpose of discrediting the testimony of any individual attempting to introduce Creech's statements at trial. Under Rule 609, however, "evidence that any witness has been convicted of a crime [within specified time periods] shall be admitted if it involved dishonesty or false statement" for impeachment purposes. FED. R. EVID. 609(a)(1). The Court cannot determine, based on the pleadings before it, whether any of the criminal records referred to in this motion would be admissible

under Rule 609.  Accordingly, the Court finds that this motion in limine should be denied at the present time.

**(5) To exclude mention of, or reference or use of the taillights or other external lights of the Bridges vehicles being turned off or inoperable on either the trailer or pickup truck driven by Mary Bridges during the time of the wreck or after the wreck**

**(6)  To exclude mention of, or reference or use of there not being a connected, working battery in the pickup truck driven by Mary Bridges the night of the subject accident since the battery was not checked at the scene by the investigating officer**

Through these motions, Plaintiff seeks to exclude evidence regarding whether the lights and/or battery of the Bridges vehicles were operational at the time of the subject collision.  The Court finds that this evidence is relevant on the issue of contributory negligence, and that its probative value substantially outweighs any possibility of misleading the jury.  Accordingly the Court finds that these motions in limine should be denied.

**(7) To exclude mention of, or reference or use of Mary Bridges having no full-time employment or net yearly income at the time of the subject accident**

Through this motion, Plaintiff seeks to exclude evidence that Bridges was not employed and/or did not have a yearly income at the time of her death.  The Court finds that this evidence is relevant on the issue of whether economic damages are recoverable in this case, and that its probative value substantially outweighs any

possibility of misleading the jury.  Accordingly the Court finds
that this motion in limine should be denied.

**(8)  To exclude mention of, or reference or use of Mary Bridges's
medical records and physical history prior to the subject accident
since no health issues caused or contributed to the course of her
death and there is no indication of any bad or ill health that
would indicate her health was poor**

**(9)  To exclude mention of, or reference or use of Mary Bridges's
having a life expectancy of five years or less prior to the subject
accident**

Through these motions, Plaintiff seeks to exclude evidence
regarding Bridges's health and life expectancy at the time of her
death.  The Court finds that this evidence is relevant on the issue
of life expectancy and, therefore, also relevant on the issue of
whether economic damages are recoverable in this case.  The Court
additionally finds that the probative value of this evidence
substantially outweighs any possibility of misleading the jury.
Accordingly the Court finds that these motions in limine should be
denied.

**(10)  To exclude mention of, or reference or use of Mary Bridges's
funeral expenses being paid by Rusty Bridges or any other person**

Through this motion, Plaintiff seeks to exclude evidence that
Bridges's funeral expenses were paid by her son, Rusty Bridges.
Funeral expenses are recoverable in wrongful death actions under
Mississippi law, regardless of who actually paid the expenses.  See
MISS. CODE ANN. § 11-7-13.  Thus, the issue in the case *sub judice* is

12

the amount paid for funeral expenses, and not who should be reimbursed for having paid those costs.  Accordingly, the Court finds that this motion in limine should be granted.

**(11)   To exclude mention of, or reference or use of Defendants claiming an unknown truck forced Raymond Toulmon off the road the night of the subject accident**

Through this motion, Plaintiff seeks to exclude evidence regarding certain aspects of Defendant Toulmon's account of the accident, specifically that a passing tractor-trailer forced him out of his lane of traffic and onto the shoulder of the road where he struck Bridges.  The Court finds that this evidence is relevant on the issue of liability, and that its probative value is not substantially outweighed by any of the factors listed in Rule 403. Accordingly the Court finds that this motion in limine should be denied.

**(12)   To exclude mention of, or reference or use Cecilia Kazery's testimony regarding fatigue or non-fatigue of Raymond Toulmon**

Through this motion, Plaintiff seeks to exclude certain testimony by Cecilia Kazery ("Kazery"), one of the law enforcement officers who responded to the subject accident, regarding the fatigue or non-fatigue of Toulmon.  Pursuant to Rule 701, a lay witness may offer opinion testimony only if it is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a

fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701.   The Court finds that Kazery, based on her personal observations of Toulmon at the time of the accident, may testify as to those observations as well as to any information included in the accident report she prepared after the subject collision. Accordingly, the Court finds that this motion in limine should be denied.

**(13)  To exclude mention of, or reference or use of the testimony of Defendants' expert Dr. William B. Frazier regarding fatigue**

**(14)  To exclude mention of, or reference or use of the testimony of Defendants' expert Brett Alexander regarding opinions on fatigue or his opinions on other persons' qualifications for rendering opinions on fatigue since he admitted he is not qualified to do so**

**(15)  To exclude mention of, or reference or use of the testimony of Defendants' expert Whitney Morgan regarding fatigue or opinions on fatigue or his opinions on other persons' qualifications for rendering opinions on fatigue**

Through these motions, Plaintiff seeks to exclude certain testimony from Dr. William B. Frazier ("Frazier"), Brett Alexander ("Alexander"), and Whitney Morgan ("Morgan"), who are expert witnesses designated by Defendants.   This Court has previously found that none of these experts would be permitted to express opinions or offer testimony regarding the issues of fatigue and/or fatigue-related causation.   See Opinion and Order [Docket No. 184]. Accordingly, the Court finds that the subject motions in limine, to

14

the extent they seek to exclude testimony or opinions on the issue
of fatigue, should be granted.  The Court additionally finds that
the subject motions in limine, to the extent they seek to exclude
testimony or opinions regarding whether Plaintiff's expert
witnesses are qualified to render opinions on the issue of fatigue,
are moot.

**(16)   To exclude mention of, or reference or use of the testimony
of Defendants' expert Rodney Ellis regarding fatigue or his
opinions on fatigue or his opinions on other persons'
qualifications for rendering opinions on fatigue**

Through this motion, Plaintiff seeks to exclude certain
testimony from Rodney Ellis ("Ellis"), an expert witness designated
by Defendants.  This Court has previously found that Ellis, based
on his personal experience as a professional truck driver, could
express an opinion as to whether a truck driver would be fatigued
after driving the number of hours as had Toulmon before the subject
collision.  See Opinion and Order [Docket No. 184].  Ellis,
however, will not be permitted to offer any opinion or testimony
regarding whether Toulmon himself was fatigued at the time of the
collision or on the issue of fatigue-related causation.
Accordingly, the Court finds that the subject motion in limine, to
the extent it seeks to exclude evidence or opinions on the issue of
fatigue, should be denied.  The Court additionally finds that the
subject motion in limine, to the extent it seeks to exclude

evidence or opinions regarding whether Plaintiff's expert witnesses are qualified to render opinions on the issue of fatigue, is moot.

**(17)  To exclude mention of, or reference or use of Officer Cecilia Kazery's testimony regarding the qualifications of Plaintiff's experts**

Through this motion, Plaintiff seeks to exclude certain testimony or opinions from Kazery regarding the qualifications of Plaintiff's expert witnesses. As Kazery has not been designated as an expert in the areas of accident reconstruction or the FMCSRs, the Court finds that this motion in limine should be granted. Kazery will not be permitted to offer any opinion regarding whether Plaintiff's expert witnesses are qualified to give expert testimony or opinions in this case.

**(18)  To exclude mention of, or reference or use of the testimony of Defendants' expert Dr. William B. Frazier regarding the qualifications of Plaintiff's experts**

**(19)  To exclude mention of, or reference or use of the testimony of Defendants' expert Brett Alexander regarding the qualifications of Plaintiff's experts or their ability to render expert opinions**

**(20)  To exclude mention of, or reference or use of the testimony of Defendants' expert Whitney Morgan regarding the qualifications of Plaintiff's experts or their ability to render expert opinions**

Through these motions, Plaintiff seeks to exclude certain testimony or opinions from Frazier, Alexander, and Morgan regarding the qualifications of Plaintiff's expert witnesses and/or their ability to render expert opinions. The Court finds that the

16

subject motions in limine, to the extent they seek to exclude testimony or opinions regarding whether Plaintiff's experts are qualified to render opinions on the issues of fatigue or fatigue-related causation, should be granted. The Court additionally finds, however, that as Frazier, Alexander, and Morgan are qualified in their respective areas of expertise, they are permitted to testify regarding the qualifications and opinions of Plaintiff's experts. Accordingly, the Court finds these motions in limine should be denied except to the extent they seek to exclude evidence on the issues of fatigue and fatigue-related causation.

**(21)   To exclude mention of, or reference or use of the testimony of Defendants' expert Rodney Ellis regarding the qualifications of Plaintiff's experts or their ability to render expert opinions**

Through this motion, Plaintiff seeks to exclude certain testimony or opinions from Ellis regarding the qualifications of Plaintiff's expert witnesses. As Ellis has not been designated as an expert in the areas of accident reconstruction or the FMCSRs, the Court finds this motion in limine should be granted. Ellis will not be permitted to offer any opinion regarding whether Plaintiff's expert witnesses are qualified to give expert testimony or opinions in this case.

**(22)   To exclude mention of, or reference or use of the testimony of Defendant's expert Dr. William B. Frazier**

**(23)   To exclude mention of, or reference or use of the testimony of Defendant's expert Brett Alexander**

**(24)   To exclude mention of, or reference or use of the testimony of Defendant's expert Whitney Morgan**

**(25)   To exclude mention of, or reference or use of the testimony of Defendant's expert Rodney Ellis**

Through these motions, Plaintiff seeks to exclude testimony and opinions of the expert witnesses designated by Defendants for the reasons "previously briefed in Plaintiff's motion to strike." This Court has already entered its Order and Opinion on Plaintiff's motions to strike, see Opinion and Order [Docket No. 184], and accordingly, finds that these motions in limine are moot.

**(26)   To exclude mention of, or reference or use of Tim Corbitt's signed deposition errata sheet**

**(27)   To exclude mention of, or reference or use of Dane Maxwell's signed deposition errata sheet**

Through these motions, Plaintiff seeks to exclude from evidence the deposition errata sheets that were signed by his expert witnesses Corbitt and Maxwell.  The Court finds that this evidence may be admitted for cross examination purposes as it bears on the issue of credibility.  Additionally, the Court finds that the probative value of this evidence is not substantially outweighed by any of the factors listed in Rule 403.  Accordingly the Court finds that theses motions in limine should be denied.

18

**(28)   To exclude mention of, or reference or use of Dane Maxwell's having expert testimony limited or disqualified in any other civil actions besides this one**

Through this motion, Plaintiff seeks to exclude evidence regarding whether Maxwell was previously disqualified as an expert witness, or was previously limited in terms of the expert opinions he was allowed to offer during trial.  The Court finds that in the event Maxwell was previously disqualified or limited by a court from offering opinions on the same issues that he is offering opinions on in this case, then this evidence may be relevant on the issues of credibility and for the purposes of impeachment.  As the Court has not been apprised of all of the cases in which Maxwell was disqualified or limited in his ability to testify and/or the reasons for those disqualifications/limitations, the Court finds that this motion in limine should be denied at the present time.


For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion in Limine of Defendants to exclude autopsy photographs [Docket No. 167] is hereby granted.   Plaintiff will be permitted to introduce photographs of the accident scene in accordance with this Order.

IT IS FURTHER ORDERED that the Motion in Limine of Defendants to bar cumulative fatigue expert testimony [Docket No. 168] is hereby denied as moot.

IT IS FURTHER ORDERED that the Motion in Limine of Defendants to bar testimony based on *post hoc ergo propter hoc* conclusions [Docket No. 169] is granted in part and denied in part.

IT IS FURTHER ORDERED that the Motion in Limine of Defendants to exclude evidence or argument that Plaintiff seeks greater than $1,000,000 in non-economic damages [Docket No. 170] is hereby denied.

IT IS FURTHER ORDERED that the Motion in Limine of Defendants to exclude evidence or testimony regarding other similar incidents involving Defendant Raymond Toulmon [Docket No. 171] is hereby granted in part and denied in part.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine [Docket No. 173] is hereby granted in part and denied in part.

SO ORDERED this the 20th day of February, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE