```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

RUSTY BRIDGES, Individually and on
Behalf of all Wrongful Death Beneficiaries
and on Behalf of the Estate of
MARY CLAUDINE BRIDGES                                    PLAINTIFF


VS.                              CIVIL ACTION NO. 3:05cv786-WHB-LRA


ENTERPRISE PRODUCTS COMPANY, INC.,
d/b/a ENTERPRISE TRANSPORTATION COMPANY,
RAYMOND TOULMON, and JOHN DOES 1-5
                                                        DEFENDANTS


## OPINION AND ORDER

This cause is before the Court on Plaintiff's Motion to Reinstate Plaintiffs' Expert Witnesses' Testimony on Fatigue and Plaintiff's Motion for Leave to Designate a Truck Driver as an Expert Rebuttal Witness in Response to the Court's Rulings. The Court has considered the Motions, Responses, attachments to each, as well as supporting and opposing authorities and finds that the Motion to Reinstate Plaintiffs' Expert Witnesses' Testimony on Fatigue is not well taken and should be denied, and that the Motion for Leave to Designate a Truck Driver as an Expert Rebuttal Witness in Response to the Court's Rulings should be granted provided such expert is designated within sufficient time to allow his or her deposition before trial.

I. **Plaintiff's Motion to Reinstate Plaintiffs' Expert Witnesses' Testimony on Fatigue**

On February 8, 2007, the Court excluded the opinions and testimony of expert witnesses Tim Corbitt and Dane Maxwell (for Plaintiff), and Dr. William Frazier, Brett Alexander, and Whitney Morgan (for Defendants) on the issues of fatigue and fatigue-related causation. In so doing, the Court found:

> [That opinions from these experts] regarding whether [Defendant Raymond] Toulmon was fatigued and whether that fatigue proximately caused the subject collision are not required to assist the jury in understanding the evidence or facts in this case. The Court finds that the effects of driving extended periods of time are generally known by the "average man." Therefore, the jury can decide for itself whether Toulmon was fatigued based on the number of hours he drove, and whether that fatigue, if any, proximately caused or contributed to the subject collision.

See Opinion and Order [Docket No. 184]. The Court additionally found that Rodney Ellis ("Ellis"), a professional truck driver designated as an expert by Defendants, "based on his personal experience as a truck driver, would have direct knowledge as to whether a driver would be fatigued after driving the number of hours as had Toulmon before the subject collision." The Court, therefore, found Ellis could "testify on the issue of whether a driver would be fatigued after driving the number of hours driven by Toulmon."

Plaintiff challenges the above rulings as inconsistent. The Court finds they are not. The opinions offered by Ellis, unlike those offered by the other experts in this case, are based on his

personal experience as a professional truck driver.  Thus, unlike the other experts whose opinions regarding fatigue and fatigue-related causation are based solely on whether Toulmon violated the Federal Motor Carrier Safety Regulations ("FMCSR"), Ellis's opinions regarding fatigue are based on first-hand knowledge.  In other words, the opinions/testimony of the other experts are predicated on the theory that if someone drives longer than eleven or fourteen hours, he is fatigued.  The Court found that such opinions would not assist the jury in this case because "the effects of driving extended periods of time are generally known by the 'average man.'"  Ellis's opinions, however, could assist the trier of fact because he, unlike any of the other experts, has personal experience as a professional truck driver and has first hand knowledge of whether such driver would be fatigued after driving a commercial tanker truck for extended periods of time.

Based on the pleadings before it, the Court finds that clarification of its prior Opinion and Order on the motions to strike expert testimony is warranted.  Ellis will be permitted to testify, based on his personal experience, about <u>his</u> level of fatigue after driving the number of hours as had Toulmon before the subject collision.  Ellis, however, will not be permitted to offer any opinion or testimony regarding whether Toulmon was fatigued at the time of the collision or on the issue of fatigue-related causation.

The Court again finds that the opinions or testimony of Plaintiff's expert witnesses regarding fatigue and fatigue-related causation will not assist the trier of fact in this case. Accordingly, the Court finds that Plaintiff's Motion to Reinstate Plaintiffs' Expert Witnesses' Testimony on Fatigue should be denied.

### II. Plaintiff's Motion for Leave to Designate a Truck Driver as an Expert Rebuttal Witness in Response to the Court's Rulings

Plaintiff requests that he be permitted "to designate as a rebuttal witness an expert truck driver or Plaintiff's previous experts Corbitt or Maxwell as a rebuttal expert who will contradict Ellis's conclusions on fatigue." The Court will allow Plaintiff to designate a truck driver who, if qualified, will be permitted to provide expert testimony, based on his or her personal experience, as may be provided by Ellis. Plaintiff, however, must identify and designate such proposed expert with sufficient time to allow Defendants to depose that witness before trial.

### Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reinstate Plaintiffs' Expert Witnesses' Testimony on Fatigue [Docket No. 189] is hereby denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Designate a Truck Driver as an Expert Rebuttal Witness in Response to the Court's Rulings [Docket No. 187] is hereby granted on the condition that Plaintiff designates such expert within sufficient time to allow his or her deposition before trial.

SO ORDERED this the 23rd day of February, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE