IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RUSTY BRIDGES, Individually and on
Behalf of all Wrongful Death Beneficiaries
and on Behalf of the Estate of
MARY CLAUDINE BRIDGES, Deceased                      PLAINTIFF


VS.                              CIVIL ACTION NO. 3:05-cv-786-WHB-LRA


ENTERPRISE PRODUCTS COMPANY, INC.
d/b/a ENTERPRISE TRANSPORTATION COMPANY,
RAYMOND TOULMON and JOHN DOES 1-5                    DEFENDANTS


## OPINION AND ORDER

This cause is before the Court on several post-trial motions filed by the parties.  The Court has considered the Motions, Responses, Rebuttals, Supplements thereto, attachments to each, and supporting and opposing authorities and finds:

The Motion of Plaintiff for Judgment Notwithstanding the Verdict on Punitive Damages is not well taken and should be denied.

The Motion of Plaintiff for New Trial on Punitive Damages is not well taken and should be denied.

The Motion of Defendants to Strike should be granted.

The Motions of Defendants to Alter and Amend the Judgment, for Judgment Notwithstanding the Verdict, for New Trial or for Remittitur should be denied in part, and held in abeyance in part.

The Motion of Defendants for Mediation should be denied.

## I.  Factual Background and Procedural History

On December 16, 2005, Mary Claudine Bridges ("Bridges") was fatally injured in a pedestrian/motor vehicle collision.  At the time of the subject accident, Bridges was standing on the shoulder of Mississippi Interstate 55 near her disabled vehicle where she was struck by an oncoming tractor-trailer that was owned by Defendant Enterprise Products Company d/b/a Enterprise Transport Company ("Enterprise") and being operated by Defendant Raymond Toulmon ("Toulmon").  On December 27, 2005, Plaintiff filed a wrongful death lawsuit alleging claims of negligence and gross negligence against Defendants in this Court, and the Court previously found it could properly exercise federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  See Opinion and Order of February 5, 2007 [Docket No. 180].

The case was tried to a jury beginning on March 5, 2007, through March 7, 2007.  In a verdict by special interrogatories, the jury found in favor of Plaintiff on the claim of negligence, and found that Defendant Toulmon was 100% liable for the subject accident.  The jury awarded damages in the amount of $150,000 for loss of income, $ 6,585 for funeral expenses, and $4,000,000 for loss of society and companionship.  The $4,000,000 award for non-economic damages was reduced to $1,000,000 by the Court in accordance with Mississippi Code Annotated Section 11-1-60(2)(b), which limits the recovery of non-economic damages in lawsuits filed

on or after September 1, 2004.  The post-trial motions of the
parties are now before the Court.


## II.  Legal Standards

### A.  Motion for Judgment as a Matter of Law

Rule 50(a) of the Federal Rules of Civil Procedure ("FRCP")
provides:

> If during a trial by jury a party has been fully heard on
> an issue and there is no legally sufficient evidentiary
> basis for a reasonable jury to find for that party on
> that issue, the court may determine the issue against
> that party and may grant a motion for judgment as a
> matter of law against that party with respect to a claim
> or defense that cannot under the controlling law be
> maintained or defeated without a favorable finding on
> that issue.

FED. R. CIV. P. 50(a).  See Reeves v. Sanderson Plumbing Prods., 530
U.S. 133, 149 (2000) (holding that "[u]nder Rule 50, a court should
render judgment as a matter of law when 'a party has been fully
heard on an issue and there is no legally sufficient evidentiary
basis for a reasonable jury to find for that party on that
issue.'") (citing FED. R. CIV. P. 50(a)).  In determining whether to
grant a motion for judgment as a matter of law, the Court must
apply the following standard:

> A judgment notwithstanding the verdict (JNOV) should be
> granted by the trial court only when the facts and
> inferences point so strongly and overwhelmingly in favor
> of the moving party that reasonable jurors could not
> arrive at a contrary verdict, viewing the facts in the
> light most favorable to the party against whom the motion
> is made, and giving that party the advantage of every
> fair and reasonable inference which the evidence
> justifies.

Spuler v. Pickar, 958 F.2d 103, 105 (5th Cir. 1992) (citing Harwood & Assoc., Inc. v. Texas Bank & Trust, 654 F.2d 1073, 1076 (5th Cir. Unit A Sept. 1981)).  When considering a motion for judgment as a matter of law, the Court must consider all of the evidence contained in the record.  Reeves, 530 U.S. at 150.

> In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.  Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.

Id. at 150-51 (citations omitted).  This Court "will not disturb the jury's verdict unless, considering the evidence in the light most favorable to [the plaintiff], the facts and inferences point so overwhelmingly to [the defendants] that reasonable jurors could not have arrived at a verdict except in [their] favor."  Streber v. Hunter, 221 F.3d 701, 721 (5th Cir. 2000) (citing Douglas v. DynMcDermott Petroleum Operations Co., 144 F.3d 364, 369 (5th Cir. 1998)).


**B.  Motion for a New Trial**

The decision as to whether "to grant or deny a motion for a new trial is generally within the sound discretion of the trial

4

court."   Shows v. Jamison Bedding, Inc., 671 F.2d 927, 930 (5th Cir. 1982).   A new trial should not be granted "unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done ..."   11 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2803, at 46 (1995).   The United States Court of Appeals for the Fifth Circuit has held that:

> [N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence.  This standard, of course, is lower than that for a directed verdict or a judgment notwithstanding the verdict.  A verdict can be against the great weight of the evidence, and thus justify a new trial, even if there is substantial evidence to support it.  The trial court in passing on a motion for a new trial need not take the view of the evidence most favorable to the verdict winner, but may weigh the evidence.  This does not mean that a judge may order a new trial simply because he disagrees with the jury verdict.  He must be convinced that the verdict is against the great weight of the evidence.

Shows, 671 F.2d at 930 (alterations in original).   See also Whitehead v. Food Max of Miss., Inc., 163 F.3d 265, 269 n.2 (5th Cir. 1998) (holding  that "the standard for the district court to grant a new trial is whether the verdict is against the great weight of the evidence.").

### III.  Legal Analysis

### A.  Motion to Strike

Defendants move to strike a portion of Plaintiff's Rebuttal to his post-trial motions on the basis that the argument contained

therein, specifically that Defendant Toulmon lied to the police officers who responded to the scene of the subject accident, is not supported by the evidence presented at trial.  The Court first finds that as Plaintiff did not respond to the Motion to Strike, it may be granted as confessed in accordance with the Local Rules of this Court.  See Local Rule 7.2(C)(2) (providing: "If a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed.").  Seconds, as there is nothing before the Court to show that the above referenced argument is supported by the evidence or testimony presented at trial, the Court finds that the Motion to Strike should be granted.

## B.  Post-trial Motions of Plaintiff

Plaintiffs have moved for a judgment not withstanding the verdict or, in the alternative, for new trial on the issue of punitive damages.  The Court finds that as the issue of punitive damages was not submitted to the jury, Plaintiffs are not entitled to a judgment as a matter of law on this issue.  See Reeves, 530 U.S. at 149 (finding that a court may enter a judgment as a matter of law in cases in which "a party has been fully heard on an issue").

In support of his Motion for New Trial on the issue of Punitive Damages, Plaintiff argues that the Court erred in failing

to submit the issue of punitive damages to the jury because (1) there was sufficient evidence to warrant the award of such damages and (2) the Court was required to automatically proceed to a punitive damages trial phase based on the jury's award of compensatory damages.  As regards the first issue:

> "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed with caution and within narrow limits." Life & Cas. Ins. Co. of Tenn. v. Bristow, 529 So. 2d 620, 622 (Miss. 1988).  "As a general rule, exemplary or punitive damages are 'added damages' and are in addition to the actual or compensatory damages due because of an injury or wrong. The kind of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others."  Summers ex rel. Dawson v. St. Andrew's Episcopal School, Inc., 759 So. 2d 1203, 1215 (Miss. 2000)  (citing Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 150-51,141 So. 2d 226, 233 (1962)). See also Paracelsus Health Care Corp. v. Willard, 754 So. 2d 437, 442 (Miss. 1999).  "In order to warrant the recovery of punitive damages, there must enter into the injury some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule."  Id. (citing 15 Am.Jur., Damages, Sec. 265, p. 698).

Bradfield v. Schwartz, 936 So. 2d 931, 935 (Miss. 2006).  The Court, having considered the evidence presented at trial as well as during pre-trial briefing, finds that the evidence presented did not rise to the level necessary to support an award of punitive damages in this case.

Although the parties had different theories as to the manner in which the accident occurred, Plaintiff's theory as to their

right to punitive damages was based on an undisputed fact.  The
parties eventually agreed that Bridges was standing on the shoulder
or the fire lane of the road by her disabled vehicle in the dark.
Toulmon was operating his truck in the same direction Bridges had
been traveling.  Toulmon left the outside travel lane, crossed onto
the right shoulder and struck Bridges, killing her instantly.  The
only facts on which the parties disagreed concerning the occurrence
was Toulmon's reason for leaving his lane of travel.  He claimed
another truck, while traveling in the inside lane and passing him,
pulled back into the outside lane too quickly causing him to have
to swerve to his right to avoid a collision with that truck.  In
doing so, Toulmon claimed he struck Bridges.  There was sufficient
evidence for the jury to disbelieve Toulmon and find that he was
negligent.  Plaintiff's theory for punitive damages was based on
the fact that Toulmon, during the day of the accident, had exceeded
the allowable number of driving hours allowed by the Federal Motor
Carrier Safety Regulations.

In support of his second argument, Plaintiff cites to
Bradfield v. Schwartz, 936 So. 2d 931 (Miss. 2006) for the
proposition that the Court was required to automatically proceed to
a punitive trial phase upon the jury's awarding compensatory
damages.  The Court does not read Bradfield so broadly.
Specifically, in Bradfield, the Mississippi Supreme Court held:

> Absent behavior ... which supports punitive damages, no
> such claim could be made.  MISS. CODE ANN. § 11-1-65(1)(a)

> (Rev.2002) will only allow for punitive damages where a
> plaintiff shows by clear and convincing evidence actual
> malice, gross negligence evidencing a willful, wanton, or
> reckless disregard for the safety of others, or the
> commission of actual fraud.  "In order for punitive
> damages to be awarded, the plaintiff must demonstrate a
> wilful or malicious wrong, or the gross, reckless
> disregard for the rights of others.  Punitive damages are
> only appropriate in the most egregious cases...."
> <u>Paracelsus Health Care Corp. v. Willard</u>, 754 So. 2d 437,
> 442 (Miss. 1999) (citations omitted).  The totality of
> the circumstances and the aggregate conduct of the
> defendant must be examined before punitive damages are
> appropriate. <u>Id.</u> <u>See</u> <u>also</u> <u>Summers ex rel. Dawson v. St.</u>
> <u>Andrew's Episcopal Sch., Inc.,</u> 759 So. 2d 1203, 1215
> (Miss. 2000); <u>Ross-King-Walker, Inc. v. Henson</u>, 672 So.
> 2d 1188, 1191 (Miss. 1996).

<u>Id.</u> at 937 (alterations in original).  Again, having considered the

evidence presented in this case, both at the trial and pre-trial

stages, the Court finds that Toulmon's alleged conduct was not

sufficient to support a claim for punitive damages.  As there was

no viable claim for punitive damages, the Court finds that it did

not err by failing to hold an evidentiary hearing on such non-

existent claim after the jury returned its verdict awarding

compensatory damages.   Accordingly,   the   Court   finds   that

Plaintiff's Motion for New Trial on Punitive Damages should be

denied.


**C.   Post-trial Motions of Defendants**

In addition to moving for a judgment as a matter of law and

new trial, Defendants also request that the Court alter and amend

the judgment entered in this case.   Under Rule 59(e), an order or

judgment may be altered or amended in cases in which: (1) there is a need to correct a manifest error of law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred.   Schiller v. Physicians Resource Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted).

Defendants move to alter and amend the judgment, for a judgment as a matter of law, or for a new trial on the issue of whether Bridges should be held contributorily liable for her injuries.   The Court finds that there was sufficient evidence presented at trial from which it could be concluded that Bridges's actions were reasonable under the circumstances and, therefore, that a reasonable juror could have found in Plaintiff's favor on the defense of contributory negligence.   The Court, therefore, finds no basis for disturbing the jury's finding, and hence granting a judgment as a matter of law, on this issue.   The Court additionally finds that there was sufficient evidence presented at trial to support the verdict reached by the jury with regard to their findings of liability and apportionment of fault.   As such, the Court finds that the verdict reached by the jury on the issue of contributory negligence/apportionment of fault was not against the "great weight of the evidence" presented at trial. Accordingly, the Court finds no basis for granting a new trial on this issue.   Finally, the Court finds that Defendants have not

shown that the judgment entered in this case regarding the issue of contributory negligence/apportionment of fault should be altered or amended under any of the three grounds enumerated in Schiller. Accordingly, the Court finds that the Motion of Defendants to alter and amend the judgment, for a judgment as a matter of law, or for a new trial on the issue of whether Bridges should be held contributorily liable for her injuries is not well taken and should be denied.

Next, Defendants move to alter and amend the judgment, for a judgment as a matter of law, or for a new trial on the issue of economic loss, specifically on the award of loss of income.  In the alternative, Defendants seek a remittitur of the amount awarded. "In determining whether a new trial or a remittitur is the appropriate remedy, [the Fifth Circuit] has held that when a jury verdict results from passion or prejudice, a new trial, not remittitur is the proper remedy.  Damage awards which are merely excessive or so large as to appear contrary to right reason, however, are subject to remittitur, not a new trial." Brunnemann v. Terra Int'l, Inc., 975 F.2d 175, 178 (5th Cir. 1992) (citations omitted).  See also Whitehead, 163 F.3d at 278.

In the case *sub judice*, although Plaintiff did not introduce Bridges's income tax records or records showing the amount of income she was receiving through pension plans, the Court finds that Plaintiff did introduce sufficient evidence to show that

Bridges sustained some loss of income because of the subject accident.  The Court additionally finds that Plaintiff produced sufficient evidence to show that Bridges could have lived longer than the period projected in current life expectancy tables.

In sum, the Court finds that there was sufficient evidence presented at trial from which it could be concluded that Bridges had sustained a loss of income and, therefore, that a reasonable juror could have found in Plaintiff's favor on this issue.  The Court, therefore, finds no basis for disturbing the jury's finding, and hence granting a judgment as a matter of law, on the issue of economic loss.  The Court additionally finds that there was sufficient evidence presented at trial to support the verdict reached by the jury with regard to their findings of the amount of lost income and Bridges's life expectancy.[1]  As such, the Court finds that the verdict reached by the jury on the issue of economic loss was not against the "great weight of the evidence" presented at trial and, therefore, a new trial on this issue and/or granting a remittitur is not warranted.  Finally, the Court finds that

---

[1]  According to the affidavit of one juror, the evidence presented showed that Bridges's lost income was between $30,000 and $16,000.  "Since there was a discrepancy in the amount testified to [the jury] decided to go with the lower number of $16,000.00 at 10 years [life expectancy].  We rounded it off to come up with $150,000.00."  See Pl's Resp. [Docket No. 220], Ex. A, at ¶ 7.
   The Court notes that the affidavit of the juror was obtained in contradiction of Rule 83.1 of the Uniform Local Rules of the United States District Court for the Northern and Southern Districts of Mississippi.  A hearing on the Rule violation was held on April 19, 2007, and appropriate remedial actions were taken.

Defendants have not shown that the judgment entered in this case awarding Plaintiff $150,000 in lost income should be altered or amended under any of the three grounds enumerated in <u>Schiller</u>. Accordingly, the Court finds that the Motion of Defendants to alter and amend the judgment, for a judgment as a matter of law, or for a new trial/remittitur on the issue of economic loss is not well taken and should be denied.

Finally, Defendants move to alter and amend the judgment, for a judgment as a matter of law, or for a new trial/remittitur on the issue of non-economic damages, specifically on the jury's award of loss of society and companionship damages. On this issue, the Court finds that there was sufficient evidence presented at trial from which it could be concluded that Plaintiff and the wrongful death beneficiaries he represents had sustained a loss of society and companionship as a result of Bridges's death. Based on the evidence presented, the Court finds that a reasonable juror could have found in Plaintiff's favor on the issue of non-economic damages and, therefore, finds no basis for disturbing the jury's finding, and hence granting a judgment as a matter of law, on the issue of non-economic damages.

The Court finds, however, that the amount awarded by the jury was excessive in light of the evidence presented at trial. Specifically, although the jury allegedly considered the testimony of Bridges's family members, it awarded $4,000,000 for loss of society and companionship "because that is the amount that the

family asked for." <u>See</u> Pl's Resp. [Docket No. 220], Ex. A, at ¶ 6.
Based on this averment, it appears that the amount of damages
awarded for non-economic loss was based on the request made by
Plaintiff's counsel during argument, and not specifically on the
evidence presented at trial.  The Court additionally finds that the
jury's award exceeded the bounds of reasonable recovery on the
issue of non-economic loss.  Under the maximum recovery rule used
in this Circuit, the Court finds that the maximum amount of non-
economic damages the jury could have awarded in this case as
presented was $600,000, and that the amount awarded for loss of
society and companionship should not have exceeded that amount.
Plaintiff will be granted ten days in which to either (1) accept an
award of non-economic damages in the amount of $600,000 or (2)
proceed with a second trial on the issue of damages only.  The
Court will hold the Motions of Defendants to Alter and Amend the
Judgment and for New Trial/Remittitur in abeyance pending
Plaintiff's decision as to the manner in which he wants to proceed.

**D.   Motion for Mediation**

Defendants have filed a motion seeking to compel mediation in
this case.  The Court, having now decided the issues raised in the
parties' post-trial motions, finds that the issue of mediation
appears to be moot, and will deny the Motion as such.  In the event
the parties decide they want to attempt to resolve this dispute

through mediation, they are instructed to present an agreed order to that effect for consideration of the Court.

### IV.   Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Motion for Judgment Notwithstanding the Verdict on Punitive Damages [Docket No. 217] is hereby denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for New Trial on Punitive Damages [Docket No. 218] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendants to Strike [Docket No. 234] is hereby granted.

IT IS FURTHER ORDERED that the Motions of Defendants to Alter and Amend the Judgment, for Judgment Notwithstanding the Verdict, for New Trial or for Remittitur [Docket No. 213 and 216] are hereby denied in part, and held in abeyance in part.

The Motions to Alter and Amend the Judgment, for Judgment Notwithstanding the Verdict, and for New Trial on the issue of contributory negligence/apportionment of fault are hereby denied.

The Motions to Alter and Amend the Judgment, for Judgment Notwithstanding the Verdict, and for New Trial/Remittitur on the issue of economic loss are hereby denied.

The Motion for Judgment Notwithstanding the Verdict on the issue of non-economic loss in the form of loss of society and

companionship is hereby denied.   The Motions to Alter and Amend
Judgment and for New Trial/Remittitur on the issue of non-economic
loss in the form of loss of society and companionship shall be held
in  abeyance  pending  a  decision  by  Plaintiff  on  the  issue  of
remittitur.

IT IS FURTHER ORDERED that Plaintiff has the option of either
(1) accepting a non-economic damages award of $600,000 on the claim
of loss of society and companionship, or (2) proceeding to a second
trial on the issue of damages.   If the case proceeds to a second
trial, the sole issue will be damages.   The liability issue will
not be re-litigated.   Plaintiff is hereby ordered to inform the
Court,  in writing, of his chosen course of action on or before
August 21, 2007.

IT  IS  FURTHER  ORDERED  that  the  Motion  of  Defendants  for
Mediation [Docket No. 236] is hereby denied as moot.

SO ORDERED this the 7th day of August, 2007.


                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE