```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**RUSTY BRIDGES, Individually and on**
**Behalf of all Wrongful Death Beneficiaries**
**and on Behalf of the Estate of**
**MARY CLAUDINE BRIDGES**                                       **PLAINTIFF**


**VS.**                              **CIVIL ACTION NO. 3:05-cv-786-WHB-LRA**


**ENTERPRISE PRODUCTS COMPANY, INC.,**
**d/b/a ENTERPRISE TRANSPORTATION COMPANY,**
**RAYMOND TOULMON, and JOHN DOES 1-5**                         **DEFENDANTS**


<u>**OPINION AND ORDER**</u>

This cause is before the Court on Plaintiffs' Motion for Reconsideration of the Court's Remittitur of Plaintiff's Award for Non-economic Damages or, in the Alternative, Request for New Trial on Non-economic Damages ("Motion for Reconsideration"). The Court has considered the Motion, Response, Rebuttal, attachments to each, as well as supporting and opposing authorities, and finds that the Motion should be denied in part, and granted in part.


**I.  Discussion**

On August 7, 2007, this Court entered an Opinion and Order finding, *inter alia*, that the amount of non-economic damages awarded by the jury was excessive.[1] Applying the maximum recovery

---

[1] The jury awarded damages in the amount of $4,000,000 for loss of society and companionship. The $4,000,000 award for non-economic damages was reduced to $1,000,000 by the Court in accordance with Mississippi Code Annotated Section 11-1-60(2)(b).

rule, the Court found that the "maximum amount of non-economic damages the jury could have awarded in this case as presented was $600,000." See Opinion and Order [Docket No. 241], at 14.  The Court then granted Plaintiff ten days in which to either accept the amount of non-economic damages as remitted, or proceed with a second trial on the issue of damages only.  The Court indicted that the Motions of Defendants to Alter and Amend the Judgment and for New Trial/Remittitur on the issue of non-economic damages would be held in abeyance pending Plaintiff's decision.

On August 20, 2007, Plaintiff filed the subject Motion for Reconsideration, requesting that the Court consider either reinstating the prior award of $1,000,000 for non-economic damages or remitting that award to the amount of $790,000.  Plaintiff also requested that the Court order a new trial on the issue of non-economic damages in the event the Court was not inclined to reconsider its prior remittitur.

Under Rule 59(e) of the Federal Rules of Civil Procedure, an order or judgment may be altered or amended in cases in which: (1) there is a need to correct a manifest error of law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred.  Schiller v. Physicians Resource Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted).  As Plaintiff has not shown that reconsideration is

2

warranted under any of the three grounds enumerated in <u>Schiller</u>, the Court finds that the Motion for Reconsideration should be denied.

Additionally, as Plaintiff has declined the remittitur proposed by the Court, the Court finds that the case should proceed to a second trial on the issue of damages. Accordingly, the Court will now deny the Motions of Defendants to Alter and Amend the Judgment and for Remittur, and grant their Motion for New Trial on the issue of non-economic damages, which have been held in abeyance until this time.[2]

**II.  Conclusion**

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration of the Court's Remittitur of Plaintiff's Award for Non-economic Damages or, in the Alternative, Request for New Trial on Non-economic Damages [Docket No. 242] is hereby denied in part

---

[2] The docket shows that Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit on September 6, 2007.  The Court finds that although a Notice of Appeal was filed, it may proceed with a second trial in this case as that Notice has not yet taken effect.  <u>See</u> Federal Rule of Appellate Procedure 4(a)(4)(B) (providing: "If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").

and granted in part. To the extent the Motion seeks reconsideration of the Court's remittitur of the award of non-economic damages, the Motion is denied. To the extent the Motion requests a new trial on non-economic damages, the Motion is granted.

IT IS FURTHER ORDERED that the Motion of Defendants to Alter and Amend Judgment and for Remittitur on the issue of non-economic loss in the form of loss of society and companionship [Docket No. 213 and 216] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendants for New Trial on the issue of non-economic loss in the form of loss of society and companionship [Docket No. 213 and 216] is hereby granted. A telephonic conference shall be scheduled to discuss possible trial dates.

SO ORDERED this the 17th day of September, 2007.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE