IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


RUSTY BRIDGES, Individually and on
Behalf of all Wrongful Death Beneficiaries
and on Behalf of the Estate of
MARY CLAUDINE BRIDGES                                        PLAINTIFF


VS.                              CIVIL ACTION NO. 3:05-cv-786-WHB-LRA


ENTERPRISE PRODUCTS COMPANY, INC.,
d/b/a ENTERPRISE TRANSPORTATION COMPANY,
RAYMOND TOULMON, and JOHN DOES 1-5                          DEFENDANTS


## OPINION AND ORDER

This cause is before the Court on two Motions *in Limine* filed by Defendants in advance of a new trial on the issue of non-economic damages.  The Court has considered the Motions, Responses, Rebuttals, attachments to the pleadings, arguments made by counsel during the December 14, 2007, Pretrial Conference in this case, as well as supporting and opposing authorities, and finds that the Motions should be granted in part, and denied in part consistent with this Order and Opinion.


## I.  Factual background and Procedural History

On December 27, 2005, Plaintiff filed the subject wrongful death lawsuit in this Court, arising from the death of Mary Claudine Bridges ("Bridges"), who was fatally injured in a

pedestrian/motor vehicle collision on December 16, 2005. The case was tried to a jury beginning on March 5, 2007, through March 7, 2007. In a verdict by special interrogatories, the jury found in favor of Plaintiff on the claim of negligence, and found that Defendant Raymond Toulmon was 100% liable for the subject accident. The jury awarded damages in the amount of $150,000 for loss of income, $6,585 for funeral expenses, and $4,000,000 for loss of society and companionship. The $4,000,000 award for non-economic damages was reduced to $1,000,000 by the Court in accordance with Mississippi Code Annotated Section 11-1-60(2)(b), which limits the recovery of non-economic damages in lawsuits filed on or after September 1, 2004.

On August 7, 2007, this Court entered an Opinion and Order on the parties' post-trial motions and found, *inter alia*, that the amount of non-economic damages awarded by the jury was excessive. By that Opinion and Order, Plaintiff was granted ten days in which to either accept a remitted award of non-economic damages in the amount of $600,000 or proceed with a second trial on the issue of non-economic damages only. On September 17, 2007, upon denying Plaintiff's Motion for Reconsideration of the August 7, 2007, Opinion and Order, the Court ordered a new trial on the issue of non-economic damages. Defendants now move to have certain witnesses, evidence, and arguments excluded at trial.

2

## II.  Discussion

In this case, the Court has scheduled a new trial on the issue of non-economic damages, specifically the amount of loss of society and companionship suffered by Bridges's three adult children. Liability and all other damages were determined during the previous trial.  In a barrage of motions and responses *in limine*, the parties have sought to obtain rulings on a large number of issues in advance of the new trial.  The Court understands the personalities and tactics of the attorneys for both sides, and finds that the manner in which they are approaching and handling this case is unflattering to the legal profession.  The Court additionally finds that most of the issues raised in the pleadings would ordinarily be raised by objection and addressed by the Court as they arise at trial.  For example, the parties seek to preclude opposing counsel from offering various arguments during opening and closing statements.  As the Court cannot presently determine the content or context of the arguments that will be made by counsel at trial, it cannot presently make a ruling on these issues.  Further, because many of the issues raised in the subject *in limine* pleadings may not arise at trial, the Court will not attempt to address them at this time.  Accordingly, the Court will deny, without prejudice, each of the issues raised in the various *in limine* pleadings unless it is specifically addressed below in this Opinion and Order.

The Court understands, from discussions during the Pretrial Conference, that Plaintiff's counsel was disappointed with the decision to grant a new trial on the issue of non-economic damages, in part, because he seeks to challenge on appeal the constitutionality of Mississippi Code Annotated Section 11-1-60(2)(b), which limits the amount of recovery of such damages. The Court offers no opinion regarding the appeal of this case. As regards the new trial, however, Plaintiff's counsel must proceed in accordance with the Federal Rules of Evidence, the prior rulings of this Court, and the rulings made during trial. This remains so regardless of whether his ability to now convince the jury to award non-economic damages in an amount greater than $1,000,000 may be hampered. He will not be permitted to introduce, at trial, evidence regarding the details of the accident and other matters, because such evidence is not relevant on the issue of loss of society and companionship.

In their Motions *in Limine*, Defendants moves to limit Plaintiffs' recovery of non-economic damages to $600,000, the remitted amount previously ordered by the Court. Defendants have not presented any authority in support of this argument other than the assertion that the prior ruling of the Court constitutes the law of the case. While the Court finds this assertion facially appealing, to adopt it would effectively negate a party's right to obtain a meaningful new trial on the issue of damages.

4

Accordingly, the Court will not limit the recoverable amount of non-economic damages in this case at this time.

Defendants also seek to bar the testimony of certain witnesses at trial.  As the Court is only re-trying the issue of non-economic damages, a new Pretrial Order is not required in this case.  Only witnesses who were identified in the existing Pretrial Order, which was entered on February 26, 2007, may testify at the new trial.  As Chris Bridges, Renee Trusty, and Joy Fasano were not identified by Plaintiff as potential witnesses in the controlling February 26, 2007, Pretrial Order, they will not be permitted to testify at the new trial in this case.  Defendants also seek to preclude the testimony of Todd Bridges, David Pennock, and Keith Shoemaker. Although these three individuals were identified as potential witnesses in the existing February 26, 2007, Pretrial Order, they were not disclosed as potential witnesses during the applicable discovery period.  As they were not disclosed in discovery, the Court will not permit Todd Bridges, David Pennock, and/or Keith Shoemaker to testify during the new trial in this case.

Defendants also seek to preclude certain evidence, including photographs of the accident scene and testimony regarding the manner in which Bridges died, during the new trial.  Plaintiff is entitled to present to the jury evidence bearing on the personality and character of the decedent.  Accordingly, Plaintiff may introduce photographs of, and testimony about, the decedent during

5

her life.   The Court finds, however, that photographs of the accident scene and testimony regarding the violent manner in which Bridges died is not relevant on the issue of loss of society and companionship and could mislead or inflame the jury.  Accordingly, the Court will exclude such evidence in accordance with Rules 402 and 403 of the Federal Rules of Evidence.

Defendants also seek to exclude evidence of, or reference to, the $90,000 offer of judgment in this case.  The Court finds that this evidence is not relevant and is prejudicial.  Accordingly, the Court will exclude such evidence and/or reference in accordance with Rules 402 and 403 of the Federal Rules of Evidence.   No mention of the $90,000 offer of judgment may be made by Plaintiff's counsel before the jury at any time.

Finally, Defendants seek to exclude evidence and/or testimony on the following issues: (1) insurance coverage, (2) funeral expenses, (3) economic circumstances of Brenda Creech's dependants, (4) Bridges's own pain and suffering, (5) Bridges's tax returns; and (6) whether Bridges was contributorily negligent for the accident.  The Court finds that each of these issues have been confessed by Plaintiff in so far as the pleadings indicate that his counsel does not intend to raise these issues at re-trial. Accordingly, the Court will grant the Motions *in Limine* to the extent they seek to exclude evidence on the above-referenced issues.

### III.   Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants *in Limine* to Exclude Certain Evidence and/or Preclude Certain Arguments [Docket No. 251] is hereby granted in part, and denied in part.

IT IS FURTHER ORDERED that the Second Motion of Defendants *in Limine* [Docket No. 253] is hereby granted.

SO ORDERED this the 4th day of January, 2008.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE