IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


**RUSTY BRIDGES, Individually and on**
**Behalf of all Wrongful Death Beneficiaries**
**and on Behalf of the Estate of**
**MARY CLAUDINE BRIDGES**                                                        **PLAINTIFF**


**VS.**                                            **CIVIL ACTION NO. 3:05-cv-786-WHB-LRA**


**ENTERPRISE PRODUCTS COMPANY, INC.,**
**d/b/a ENTERPRISE TRANSPORTATION COMPANY,**
**RAYMOND TOULMON, and JOHN DOES 1-5**                           **DEFENDANTS**


## OPINION AND ORDER

This cause is before the Court on the post-trial motions filed by the parties.  The Court has considered the Motions, Responses, Rebuttals if filed, attachments to the pleadings, as well as supporting and opposing authorities and finds:

The Motion of Plaintiff for Judgment Notwithstanding the Verdict or, in the alternative New Trial or, in the alternative Additur is not well taken and should be denied.

The Motion of Defendants to Alter the Judgment to Order Remittiturs of Pennock's and Creech's Losses of Society and Companionship is not well taken and should be denied.

The Motion of Defendants to Amend the Amended Judgment Entered January 10, 2008, is not well taken and should be denied.

## I.   Factual Background and Procedural History

On December 27, 2005, Plaintiff filed the subject wrongful death lawsuit, which arises from the death of Mary Claudine Bridges ("Bridges") who was fatally injured in a pedestrian/motor vehicle collision on December 16, 2005.   The case was tried to a jury beginning on March 5, 2007, through March 7, 2007.   In a verdict by special interrogatories, the jury found in favor of Plaintiff on the claim of negligence, and found that Defendant Raymond Toulmon was 100% liable for the subject accident.   The jury awarded damages in the amount of $150,000 for loss of income, $6,585 for funeral expenses, and $4,000,000 for loss of society and companionship. The $4,000,000 award for non-economic damages was reduced to $1,000,000 by the Court in accordance with Mississippi Code Annotated Section 11-1-60(2)(b), which limits the recovery of non-economic damages in lawsuits filed on or after September 1, 2004.

On August 7, 2007, this Court entered an Opinion and Order on the parties' post-trial motions and found, *inter alia*, that the jury's award of non-economic damages was excessive.   By that Opinion and Order, Plaintiff was granted ten days in which to either accept a remitted award of non-economic damages in the amount of $600,000 or proceed with a second trial on that issue. On September 17, 2007, upon denying Plaintiff's Motion for Reconsideration, the Court ordered a new trial on the claim for non-economic damages.

The claim for non-economic damages was retried to a jury beginning on January 7, 2008, through January 8, 2008. In a verdict by special interrogatories, the jury found in favor of Rusty Bridges, Judy Pennock, and the Estate of Brenda Creech (collectively, "Beneficiaries"), on their claims for loss of society and companionship, and awarded damages as follows:

| | |
|---|---|
| Rusty Bridges: | $150,000 |
| Judy Pennock: | $150,000 |
| Estate of Brenda Creech[1]: | $ 75,000 |

An Amended Judgment was entered on January 10, 2008. The post-trial motions of the parties are now before the Court.

## II.  Legal Analysis

### A.  Post-trial Motions of Plaintiff

### 1.  Motion for JNOV

Plaintiff has filed motions seeking a judgment not withstanding the verdict ("JNOV"), or in the alternative a new trial, or in the alternative, an additur. Each motion is purportedly brought pursuant to Rule 59 of the Federal Rules of Civil Procedure ("FRCP").[2]  The Court finds that while Rule 59

---

[1]  Brenda Creech died approximately six months after Bridges, and before the first trial of this case.

[2]  "Under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64 ...(1938), in a diversity case a federal court must apply the substantive law of the state while following federal procedural rules." Ashland Chem. Inc. v. Barco Inc., 123 F.3d 261, 265 (5th Cir. 1997) (citing Hanna v. Plumer, 380 U.S. 460, 471 (1965)).

3

allows a court to grant a new trial, or to alter or amend a judgment, see FED. R. CIV. P. 59 (a), (b) & (e), it does not provide any basis for granting a JNOV.  Instead, a motion for JNOV, which is now referred to as a judgment as a matter of law, see Allstate Ins. Co. v. Receivable Fin. Co., L.L.C., 501 F.3d 398, 405 (5th Cir. 2007), is governed by FRCP 50(a), which provides:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

FED. R. CIV. P. 50(a).  See Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 149 (2000) (holding that "[u]nder Rule 50, a court should render judgment as a matter of law when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'") (citing FED. R. CIV. P. 50(a)).  In determining whether to grant a motion for judgment as a matter of law, the Court must apply the following standard:

> A judgment notwithstanding the verdict (JNOV) should be granted by the trial court only when the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable jurors could not arrive at a contrary verdict, viewing the facts in the light most favorable to the party against whom the motion is made, and giving that party the advantage of every fair and reasonable inference which the evidence justifies.

4

Spuler v. Pickar, 958 F.2d 103, 105 (5th Cir. 1992) (citing Harwood
& Assoc., Inc. v. Texas Bank & Trust, 654 F.2d 1073, 1076 (5th Cir.
Unit A Sept. 1981)).  When considering a motion for judgment as a
matter of law, the Court must consider all of the evidence
contained in the record.  Reeves, 530 U.S. at 150.

> In doing so, however, the court must draw all reasonable
> inferences in favor of the nonmoving party, and it may
> not make credibility determinations or weigh the
> evidence.  Credibility determinations, the weighing of
> the evidence, and the drawing of legitimate inferences
> from the facts are jury functions, not those of a judge.
> Thus, although the court should review the record as a
> whole, it must disregard all evidence favorable to the
> moving party that the jury is not required to believe.
> That is, the court should give credence to the evidence
> favoring the nonmovant as well as that evidence
> supporting the moving party that is uncontradicted and
> unimpeached, at least to the extent that that evidence
> comes from disinterested witnesses.

Id. at 150-51 (citations omitted).  This Court "will not disturb
the jury's verdict unless, considering the evidence in the light
most favorable to [the plaintiff], the facts and inferences point
so overwhelmingly to [the defendants] that reasonable jurors could
not have arrived at a verdict except in [their] favor."  Streber v.
Hunter, 221 F.3d 701, 721 (5th Cir. 2000) (citing Douglas v.
DynMcDermott Petroleum Operations Co., 144 F.3d 364, 369 (5th Cir.
1998)).

In the case *sub judice*, Plaintiff has filed the subject motion
for the purpose of increasing the amount of non-economic damages
awarded by the jury.  See Mot. for JNOV, ¶ 13 (requesting that the
"Court review the amount of $375,000.00 awarded by the jury in the

second trial and consider restoring the amount back to $600,000.00", which was the remitted amount of non-economic damages proposed by the Court).  Plaintiff, however, has not cited any authority by which a court may use Rule 50(a) for such purposes.  Rule 50(a) permits a court to enter judgment either for or against a party in cases in which there is no legally sufficient evidentiary basis for a reasonable jury to find, or not find, for that party <u>on an issue</u>.  <u>Streber</u>, 221 F.3d at 721.  In the second trial of this case, the only issue before the jury was whether the Beneficiaries were entitled to recover non-economic damages.  As the jury already found in favor of the Beneficiaries on that issue, there is no basis for granting a judgment as a matter of law in their favor.  Accordingly, the Court finds that the Motion for JNOV should be denied.


## 2.  Motion for a New Trial

Under FRCP Rule 59(a):

The court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows:

after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court.

FED. R. CIV. P. 59(a)(1)(A).  Under this Rule, a new trial should not be granted "unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done ..."  11 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE

§ 2803.  Grounds for granting a new trial include: (1) the verdict is against the weight of the evidence, (2) the verdict is too large or too small, (3) newly discovered evidence, (4) the verdict was tainted by conduct of counsel or the court, (5) misconduct affecting the jury, (6) the verdict was based on false testimony, or (7) a party was unfairly made the victim of surprise and was denied an opportunity to cure the resulting prejudice.  Id. at § 2803.

Plaintiff first argues that a new trial is warranted because the Court erred in failing to enter a pretrial order specific to the second trial on non-economic damages.[3]  In support of this argument, Plaintiff relies on FRCP Rule 16, which provides, in relevant part:

> (d) After any conference under this rule, the court should issue an order reciting the action taken.  This order controls the course of the action unless the court modifies it.

> (e) The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence....  The court may modify the order issued after a final pretrial conference only to prevent manifest injustice.

FED. R. CIV. P. 16(d) & (e).

The record shows that prior to the first trial in this case, the Court held a Final Pretrial Conference on February 9, 2007, and entered an agreed Pretrial Order on February 26, 2007.  Under FRCP

---

[3]  This argument is raised twice in the Motion for New Trial.  See Mot. for New Trial, ¶¶ 19 and 26.

16(d), the February 26, 2007, Pretrial Order "controls the course of the action unless the court modifies it."  See also Rule 16.2(G) of the Uniform Local Rules of the Northern and Southern Districts of Mississippi ("Local Rules") (providing: "The pretrial order shall control the subsequent course of the action unless modified by the trial judge at the trial or prior thereto, upon oral or written motion, to prevent manifest injustice.").

In the case *sub judice*, the Court found it was not necessary to enter a second pretrial order as it "was only re-trying the issue of non-economic damages."  See Opinion and Order dated January 4, 2008 [Docket No. 258], at 5.  In other words, because the parties had already prepared to try the Beneficiaries' claims of loss of society and companionship as part of the first trial, a trial plan that included a plan to facilitate the admission of evidence on those claims already existed.  As the Court was merely re-trying a claim that had already been tried, it found it unnecessary to enter a second pretrial order.  Under the circumstances in this case, the Court finds it was not required to enter a second pretrial order prior to re-trying the claim for non-economic damages and, therefore, it did not err by refusing to enter such order.

The Court additionally finds it was not required to modify the existing Pretrial Order to include additional damages witnesses. In the Motion for New Trial, the Beneficiaries claim they were

prejudiced because they were not permitted to call Brenda Wingate, Robert Wingate, Renee Trusty, and Joy Fasano as damages witnesses during the second trial. These individuals were not permitted to testify in the second trial because they had not been identified as possible witnesses for Plaintiff in the existing Pretrial Order.

In this Circuit, "[i]t is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial." McGehee v. Certainteed Corp., 101 F.3d 1078, 1080 (5th Cir. 1996) (quoting Branch-Hines v. Hebert, 939 F.2d 1311, 1319 (5th Cir. 1991)). Thus, a court may modify a pretrial order "issued after a final pretrial conference only to prevent manifest injustice." FED. R. CIV. P. 16(e). "Manifest injustice", however, does not result for the purposes of Rule 16 merely because a party fails to include a known claim or witness in a pretrial order. See e.g. Canal Ins. Co. v. First Gen. Ins. Co., 889 F.2d 604, 609 (5th Cir. 1989) (finding that a party cannot "claim 'manifest injustice' to modify the [pretrial] order in light of later-discovered but previously discoverable favorable evidence"); Trinity Carton Co., Inc. v. Falstaff Brewing Corp., 767 F.2d 184, 193 n.13 (5th Cir. 1985) (finding that "[e]ven though amendment of the pretrial order may be allowed where no surprise or prejudice to the opposing party results, where, as here, the evidence and the issue were known at the time of the original pretrial conference, amendments may

9

generally be properly refused."); <u>Lirette v. Popich Bros. Water Transp. Inc.</u>, 660 F.2d 142, 144-45 (5th Cir. 1981) (finding the court did not err in refusing testimony of a witness who was not identified in the pretrial order).

In the case *sub judice*, the Beneficiaries have not presented any evidence or argument to show that they were previously unaware or could not have discovered that Brenda Wingate, Robert Wingate, Renee Trusty, and/or Joy Fasano possessed information that was relevant to their claims for loss of society and companionship. As such, the Court finds they have not shown "manifest injustice" as is required under Rule 16 to modify a pretrial order. For this reason, the Court finds it did not err in failing to modify the existing Pretrial Order to include the above referenced individuals as additional damages witnesses.

The Beneficiaries also argue that the Court erred by refusing to allow testimony from Todd Bridges, Keith Shoemaker, and John Rogers, as these individuals were identified as potential damages witnesses in the existing Pretrial Order. The record shows, however, that these individuals were barred from testifying because they had not been identified as potential witnesses in discovery. <u>See</u> Opinion and Order dated January 4, 2008 [Docket No. 258], at 5 ("Although these three individuals were identified as potential witnesses in the existing February 26, 2007, Pretrial Order, they were not disclosed as potential witnesses during the applicable

discovery period. As they were not disclosed in discovery, the Court will not permit Todd Bridges, David Pennock, and/or Keith Shoemaker to testify during the new trial in this case.").

Under FRCP 37:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1). Rule 26(a) of the FRCP requires a party to disclose, *inter alia*, "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment..." FED. R. CIV. P. 26(a)(1)(A)(i). Defendants claim, and Plaintiff does not dispute, that Todd Bridges, Keith Shoemaker, and John Rogers were not disclosed as potential witnesses during discovery. See, e.g., Defs. Second Mot. in Limine re January 7 Retrial [Docket No. 253], Ex. B.

To determine whether to exclude an individual who is not properly identified under the FRCP, the Court considers four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." Hamburger v. State Farm Mut.

11

Auto. Ins. Co., 361 F.3d 875, 883 (5th Cir. 2004) (citing Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir.1990)).[4]

As regards the first factor, the Beneficiaries have not offered any explanation as to the reason they failed to timely identify Todd Bridges, Keith Shoemaker, and John Rogers as potential fact witnesses in discovery. Additionally, the Beneficiaries were put on notice that Defendants intended to object to any testimony from these three individuals on the issue of damages because they had not been identified as potential witnesses during discovery. See February 26, 2007, Pretrial Order [Docket No. 199], at 20 (providing: "Defendants will object to any 'damages' testimony from ... Todd Bridges, David Pennock or Keith Shoemaker. Plaintiffs never identified these persons in discovery (or before submitting the draft PTO) as being sources of damages information. Their names were not indicated in Rusty Bridges' Answer to Defendants' Interrogatories or Judy Pennock's answers to interrogatories, and there has been no supplementation of the interrogatory answers naming them as sources of damages proofs."). Although placed on notice, the Beneficiaries made no attempt to seek leave from the Court to supplement their discovery responses

---

[4] The Hamburger factors are generally applied when considering whether to strike an expert who has not been properly designated under the FRCP. The Court finds that the same factors should likewise be applied when considering whether to strike a lay witness who has not been properly designated in discovery.

to include these individuals during the three-month period between the date on which the motion for new trial was granted, and the date of the second trial in this case.

As regards the second factor, the testimony of Todd Bridges, David Pennock, and Keith Shoemaker was not critically important as the Beneficiaries had identified several other witnesses to provide testimony in support of their claims of loss of society and companionship.

As regards the third factor, because Todd Bridges, David Pennock, and Keith Shoemaker were not timely identified as damages witnesses prior to the first trial, Defendants did not have reason to know that these individuals would be called as witnesses and, therefore, to plan a defense.  Further, although these individuals were identified in the existing Pretrial Order, Defendants had no notice that the Beneficiaries would again attempt to call them as witnesses until the eve of the second trial.  Again, the prejudice to Defendants arising from allowing the testimony of Todd Bridges, David Pennock, and Keith Shoemaker could have easily been remedied had the Beneficiaries sought to supplement their discovery responses prior to the second trial of this case.

Finally, as regards the fourth factor, a continuance would not have been warranted as the Beneficiaries had had sufficient time to supplement their discovery responses prior to the second trial of this case, but chose not to.

13

Having applied the <u>Hamburger</u> factors, and having found that each factor weighed in favor of refusing to allow the testimony of Todd Bridges, David Pennock, and Keith Shoemaker, the Court finds it did not err in preventing these individuals from testifying in the second trial in this case.

The second argument in support of the Motion for New Trial is that the Court erred by excluding photographs of the accident scene and testimony regarding the manner in which Bridges died.   In granting the Motion in Limine of Defendants on this issue, the Court found:

> Defendants also seek to preclude certain evidence, including photographs of the accident scene and testimony regarding the manner in which Bridges died, during the new trial.  Plaintiff is entitled to present to the jury evidence bearing on the personality and character of the decedent.   Accordingly, Plaintiff may introduce photographs of, and testimony about, the decedent during her life.  The Court finds, however, that photographs of the accident scene and testimony regarding the violent manner in which Bridges died is not relevant on the issue of loss of society and companionship and could mislead or inflame the jury.  Accordingly, the Court will exclude such evidence in accordance with Rules 402 and 403 of the Federal Rules of Evidence.

<u>See</u> Opinion and Order dated January 4, 2008 [Docket No. 258], at 5-6.

The Beneficiaries claim that by excluding this evidence the jury was not able to properly assess the emotional distress they suffered as a result of Bridges's death.  Recovery of emotional distress damages, however, is not permitted under the Mississippi Wrongful Death Statute, codified at Mississippi Code Annotated

14

Section 11-7-13.  See McGowan v. Estate of Wright, 524 So. 2d 308, 311 (Miss. 1988) (finding that a plaintiff is permitted to recover "(1) the present net cash value of the life expectancy of the deceased, (2) the loss of the companionship and society of the decedent, (3) the pain and suffering of the decedent between the time of injury and death, and (4) punitive damages" under the Mississippi Wrongful Death Statute.  See also Gulf & S.I.R. Co. v. Boone, 82 So. 335, 338 (Miss. 1919) (finding that damages for wrongful death "cannot be enlarged on account of the horror and terrible shock of a tragedy"); St. Louis & S.F.R. Co. v. Moore, 58 So. 471, 475 (Miss. 1912) (finding, in a "suit by a widow and children for the [wrongful] death of the husband and parent, the jury may take into consideration the loss to the wife and children of the companionship, protection, and society of the husband and father, but not by way of solatium.").  As photographs of the accident scene and testimony regarding the manner in which Bridges died were not relevant to the claims of loss of society or companionship, and were otherwise highly prejudicial, the Court finds it did not err by excluding this evidence during the second trial in this case.

Third, Plaintiff argues that a new trial should be granted because the verdict form allowed the jury to award each Beneficiary a separate amount in non-economic damages.  Specifically, Plaintiff argues:

> At the conclusion of the second trial the jury ultimately
> did award unequal amounts in damages to the three heirs.
> The jury awarded less money to the Brenda Creech Estate.
> It awarded $150,000.00 to Rusty Bridges, $150,000.00 to
> Judy Pennock, and $75,000.00 to [the] Brenda Creech
> Estate.  However, under the Mississippi Wrongful Death
> Statute 11-7-13: "if the deceased has no husband or wife,
> the damages shall be distributed equally to the
> children."  Now the amounts must be combined together and
> divided equally.  This means the jury's intent to give
> more to Rusty Bridges and Judy Pennock is defeated and
> the Brenda Creech Estate takes unfairly from the other
> heirs.

See Mot. for New Trial, at ¶ 23.

The Mississippi Supreme Court has recognized that "in wrongful death litigation, there are several kinds of damages which may be pursued, and these damages are not due to the same claimants." Long v. McKinney, 897 So. 2d 160, 169 (Miss. 2004).  Under the Mississippi Wrongful Death Statute: "[T]he estate is entitled to recover funeral costs and final medical expenses. The beneficiaries are entitled to recover for their respective claims of loss of society and companionship.  The wrongful death beneficiaries are entitled to recover the present net cash value of the decedent's continued existence." Id. (emphasis added).

The Long decision was recently discussed by the Mississippi Supreme Court in the case of River Region Medical Corp. v. Patterson, --- So. 2d ---, 2007 WL 4200529 (Miss. Nov. 29, 2007). In Patterson, River Region argued that it was entitled to a judgment notwithstanding the verdict on the grounds that the decedent's husband had not provided any testimony or evidence in

16

support of his claim for loss of society and companionship. On appeal, the husband argued that "as a statutory wrongful-death beneficiary, he [was] not required to prove individual damages." Id. at *2.

The Mississippi Supreme Court found that the husband was "correct in that his relationship to the decedent is all that is required for him to recover a share of the damages which the decedent could have recovered 'if death had not ensued.' Such damages could include, among others, the decedent's lost wages and pain and suffering." Id. The court, however, went on to find that the husband "bore the burden of proving his own claim of loss of society and companionship." Id. The court in Patterson continued:

> The Wrongful Death Statute (the "Statute") in Mississippi, codified at Mississippi Code Annotated Section 11-7-13 (Rev. 2004), mandates that there can be only one suit for the benefit of all parties and that the damages for the injury and death of a married woman are equally distributed between her husband and children....
>
> In [Long v. McKinney, 897 So. 2d 160 (Miss. 2004)], we stated "there are several kinds of damages which may be pursued, and these damages are not due to the same claimants." Id. at 169 (emphasis added). "For instance, the estate is entitled to recover funeral costs and final medical expenses. The beneficiaries are entitled to recover for their respective claims of loss of society and companionship. The wrongful-death beneficiaries are entitled to recover the present net cash value of the decedent's continued existence." Id. (emphasis added). Assuming [the decedent's husband] was a legitimate wrongful-death beneficiary, as we must do in giving him all reasonable inferences, he would then be entitled to recover for himself any loss of society and companionship he might prove, and to share equally in the damages which might have been recovered by [the decedent], "had death not ensued." MISS. CODE ANN. § 11-7-13 (Rev. 2004).

> After [the decedent's] unfortunate demise, it is true that under the statute, her husband and children would be entitled to damages should they prevail in their wrongful-death action. It is also true, therefore, that certain damages would have to be shared equally among them. However, here the jury awarded damages solely for loss of society and companionship. These damages are separate from and possibly in addition to any damages they would share equally – i.e., the damages of the estate and those suffered by [the decedent].

Id. at * 2-3.

Thus, under Long and Patterson, while the Beneficiaries are correct that they are entitled to share equally in the damages awarded to Bridges's Estate (funeral expenses) and those suffered by Bridges (loss of income), they are not entitled to share equally in the amount of damages awarded for loss of society and companionship. Instead, each Beneficiary was "entitled to recover for himself any loss of society and companionship he might prove." Patterson, at * 2-3. For this reason, the Court finds it did not err by submitting a verdict form that allowed the jury to award each Beneficiary separate amounts in non-economic damages.

The fourth argument raised in support of the Motion for New Trial is that the Court erred in failing to grant a directed verdict in favor of the Beneficiaries on their loss of society and companionship claims. Under the FRCP, a motion for a directed verdict is treated as a Rule 50(a) motion for judgment as a matter of law. Allstate Ins. Co., 501 F.3d at 405. Such motion should only "be granted if 'there is no legally sufficient evidentiary basis for a reasonable jury to find for a party.'" Id. (quoting

<u>Pineda v. United Parcel Serv., Inc.</u>, 360 F.3d 483, 486 (5th Cir. 2004)).

In the case *sub judice*, although Defendants did not submit any of their own evidence or witnesses in defense of the claims for non-economic damages during the second trial, their counsel vigorously cross-examined the witnesses that were called to testify on the Beneficiaries' behalf.  Based on the evidence in the record and the testimony of the witnesses, the Court found that the facts and inferences did not "point so strongly and overwhelmingly in favor of" the Beneficiaries "that reasonable men could not arrive at a contrary verdict."  <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374 (5th Cir. 1969).  Accordingly, the Court finds it did not err by refusing to grant a directed verdict/judgment as a matter of law in favor of the Beneficiaries on their claims of loss of society and companionship.[5]

The final argument raised in support of the Motion for New Trial is that the Court erred in reading a charge to the jury that disclosed the amount awarded for funeral expenses and lost income in the first trial.  The Court finds that the charge given was necessary and reasonable in order to explain that the second trial

---

[5] The Court additionally finds that if it erred in failing to grant a directed verdict, the error was harmless as the jury found in favor of the Beneficiaries on their respective claims of loss of society and companionship.  <u>See</u> FED. R. CIV. P. 61 (instructing courts to "disregard all errors and defects that do not affect any party's substantial rights.").

was limited to the Beneficiaries' claims for non-economic damages as the issues of liability and economic loss had already been decided.   Additionally, Plaintiff has not shown that the charge affected the Beneficiaries' substantial rights.   Accordingly, the Court finds it did not err by disclosing the amount of damages awarded in the first trial in its charge to the jury during the second trial of this case.

The Court, having concluded that it did not err in (1) failing to enter a second pretrial order and/or modifying the existing Pretrial Order in this case; (2) striking the testimony of Todd Bridges, Keith Shoemaker, and John Rogers; (3) excluding photographs of the accident scene and testimony regarding the manner in which Bridges died; (4) permitting the jury to award separate amounts of damages to each Beneficiary on their respective claims for loss of society and companionship; (5) refusing to grant a directed verdict; or (6) charging the jury, finds that Plaintiff's Motion for New Trial should be denied.

**3.   Motion to Alter Judgment/Additur**

As noted above, the purpose of Plaintiff's Motion for JNOV is to increase the amount of non-economic damages awarded by the jury. See Mot. for JNOV, ¶ 13 (requesting that the "Court review the amount of $375,000.00 awarded by the jury in the second trial and consider restoring the amount back to $600,000.00", which was the

remitted amount of non-economic damages proposed by the Court). Plaintiff has also moved for an additur in the jury's verdict. For the following reasons, the Court finds that Plaintiff's request to alter the judgment by way of additur should be denied.

First, the United States Court of Appeals for the Fifth Circuit has repeatedly held that the Seventh Amendment to the United States Constitution prohibits the use of additur in cases in which the amount of damages is disputed. See Jones v. Wal-Mart Stores, Inc., 870 F.2d 982, 985 (5th Cir. 1989). See also Dimick v. Schiedt, 293 U.S. 474, 486-87 (1935); Hawkes v. Ayers, 537 F.2d 836, 837 (5th Cir. 1976) (finding "it is well-settled ... that the Seventh Amendment prohibits the utilization of additur, at least where the amount of damages is in dispute"); Silverman v. Travelers Ins. Co., 277 F.2d 257, 264 (5th Cir. 1960); Roy v. Employers Mut. Cas. Co., 368 F.2d 902, 904 (5th Cir. 1966) (finding that "under the Seventh Amendment a federal court is without power to add to an inadequate verdict.").

Second, while a district court "may in its discretion set aside a jury verdict and order a new trial if the amount of the verdict is excessive or inadequate," see Jones, 870 F.2d at 986, a new trial "should not be granted unless the verdict is against the great [weight], not merely the preponderance, of the evidence." Id. at 986 (citing Conway v. Chemical Leaman Tank Lines, Inc., 610 F.2d 360, 362-63 (5th Cir. 1980)). Under Mississippi law, an

21

additur or new trial may be granted for similar reasons.  See Henson v. Riggenbach --- So. 2d --- , 2007 WL 3077000, at * 2 (Miss. Ct. App. Oct. 23, 2007) ("An additur is only appropriate when the trial judge makes a finding that the damages awarded by the jury are inadequate because the jury was 'influenced by bias, prejudice, or passion' or the award was 'contrary to the overwhelming weight of [the] credible evidence.'") (quoting MISS. CODE ANN. § 11-1-55 (Rev. 2002).

The Court finds that the amount awarded by the jury to each Beneficiary on their respective claim of loss of society and companionship was not against the great weight of the evidence presented during the second trial of this case.  Nor does the Court find that the jury verdict was tainted as a result of bias, prejudice, or passion.  Accordingly, the Court finds that Plaintiff's request to increase the jury verdict, either through altering the judgment, additur, or new trial, must be denied.


**B.   Post-trial Motions of Defendant**

**1.   Motion to Alter the Judgment to Order Remittutrs of Pennock's and Creech's Losses of Society and Companionship Damages**

Defendants have filed a motion, pursuant to FRCP 59(a) and 60(b), requesting that the Court "alter or amend further the judgment of January 10, 2008, by ordering a remittitur of damages awarded for loss of society and companionship as to plaintiffs Judy

Pennock and the Estate of Brenda Creech."[6]  Defendants argue that

a remittitur should be granted because they were erroneously

prevented from offering evidence regarding Pennock's and Creech's

prior criminal convictions as well as other evidence bearing on the

relationship these women had with their deceased mother, Bridges.

> Mississippi law provides that a court may grant a
> remittitur if it finds that the damages are excessive
> "for the reason that the jury or trier of the facts was
> influenced by bias, prejudice, or passion, or that the
> damages awarded were contrary to the overwhelming weight
> of credible evidence.  If such ... remittitur be not
> accepted then the court may direct a new trial on damages
> only." MISS. CODE ANN. § 11-1-55 (1972).  Likewise, this
> circuit's case law provides for remittitur if the award
> is excessive, and new trial on damages alone if the
> plaintiff declines the remitted award.  Westbrook v.
> General Tire and Rubber Co., 754 F.2d 1233, 1242 (5th
> Cir. 1985); Caldarera v. Eastern Airlines, Inc., 705 F.2d
> 778, 786 (5th Cir. 1983).

Eiland v. Westinghouse Elec. Corp. 58 F.3d 176, 182-83 (5th Cir.

1995).  The Fifth Circuit has also held that there is a "strong

presumption in favor of affirming a jury award of damages" thus, a

"damage award may be overturned only upon a clear showing of

excessiveness or upon a showing that the jury was influenced by

---

[6]  Plaintiff objected to this Motion on the grounds that it
was untimely filed as it stamped "filed" on January 28, 2008,
which is outside the allowable ten-day period for filing motions
seeking relief under FRCP 59(e).  In response to this objection,
Defendants submitted the Affidavit of Deondrick O'Banner, in
which he avers that the subject Motion was delivered to the Clerk
of Court and counsel for Plaintiff on January 25, 2008.  See
Docket No. 289, at ¶¶ 3, 7.  Additionally, on February 5, 2008,
the Clerk of Court entered a Docket Annotation verifying that the
subject Motion was received by the Clerk on January 25, 2008.
See Docket Annotation date February 5, 2008.  Accordingly, the
Court finds that the subject Motion was timely filed.

passion or prejudice.  Id. at 183 (citing Westbrook v. General Tire and Rubber Co., 754 F.2d 1233, 1241 (5th Cir. 1985)).  "A verdict is excessive if it is 'contrary to right reason' or 'entirely disproportionate to the injury sustained.'"  Id. (citing Caldarera v. Eastern Airlines, Inc., 705 F.2d 778, 784 (5th Cir. 1983)).

The Court finds that the amount awarded by the jury to each Beneficiary on their respective claim of loss of society and companionship was neither contrary to the overwhelming weight of credible evidence nor contrary to right reason.  Further, there has been no showing that the jury verdict was the result of bias, prejudice, or passion.  As such, the Court finds that the jury verdict should not be disturbed, and that the requested remittitur should be denied.

**2.   Defendants' Motion to Amend the Amended Judgment Entered January 10, 2008**

On January 10, 2008, after the second trial in this case, the Court entered an Amended Final Judgment, which provides:

> In accordance with the jury verdict entered on March 8, 2007, on the issues of liability, economic damages, and funeral expenses; and the jury verdict entered on January 8, 2008, on the issue of non-economic damages, the Court hereby enters final judgment in favor of Plaintiff Rusty Bridges, Individually, and on behalf of all Wrong Death Beneficiaries of, and the Estate of, Mary Claudine Bridges, Deceased, against Enterprise Products Company, Inc., and Raymond Toulon, jointly and severally, in the amount of $531,585.00, together with interest from the date hereof at the current federal rate of interest on judgments plus costs. As Plaintiff Rusty Bridges filed this lawsuit in his individual and representative

capacities, he is required to distribute the judgment in accordance with Mississippi law and the jury verdicts entered in this case. <u>Long v. McKinney</u>, 897 So. 2d 160 (Miss. 2004).

<u>See</u> Amended Final Judgment [Docket No. 267].  Defendants now claim that the Amended Final Judgment "should be amended to reflect that Mrs. Pennock and the Estate of Ms. Creech were not mere non-party beneficiaries *represented by* Rusty Bridges but had been duly named [party plaintiffs] in their own persons by earlier orders of this Court."  <u>See</u> Motion to Amend the Amended Judgment Entered January 10, 2008 [Docket No. 273], at 3.

The docket in this case shows that the above referenced lawsuit was filed on December 27, 2005, by "Rusty Bridges, Individually and on behalf of all Wrong Death Beneficiaries and on behalf of the Estate of Mary Claudine Bridges, Deceased."  <u>See</u> Complaint [Docket No. 1].  On January 18, 2007, Plaintiff, Rusty Bridges ("Bridges"), filed a motion to amend the complaint "to add Judy Pennock and Brenda Creech as ... plaintiffs and to pursue allegations of negligence against the defendants."  <u>See</u> Plaintiff's Motion to Amend Complaint to add Party Plaintiffs [Docket No. 15], at ¶ 5.  On January 27, 2006, Bridges filed an Amended Motion to Amend Complaint to add Party Plaintiffs, seeking to only add Judy Pennock as a party plaintiff.   <u>See</u> Plaintiff's Amended Motion to Amend Complaint to add Party Plaintiffs [Docket No. 16], at ¶ 5. On February 22, 2006, United States Magistrate Judge James C. Sumner granted Plaintiff's Amended Motion to Amend Complaint to add

25

Party Plaintiffs.  <u>See</u> Order dated February 22, 2006 [Docket No.
21].  Judge Sumner's Order provides, in relevant part:

>     2.   That the Plaintiff's Amended Motion to Amend
> Complaint to Add Party Plaintiffs [#16], filed January
> 27, 2006, is granted, and the Clerk of the Court is
> directed to receive and file the amended complaint.
>
>     3.  Upon the filing of the Amended Complaint, the Clerk
> of the Court is directed to amend the docket to add JUDY
> PENNOCK as a Plaintiff in this cause.

<u>Id.</u>  Although Plaintiff obtained leave to file an amended complaint
to add Judy Pennock as a plaintiff in this case, the proposed
amended complaint was never filed.  As an amended complaint was
never filed, Judy Pennock was never added as a plaintiff in this
case.

     The docket also shows that on November 3, 2006, and again on
November 14, 2006, John David Pennock, in his capacity as
Administrator of the Estate of Brenda Creech, filed a motion
pursuant to FRCP 25 seeking to have himself substituted as a party
plaintiff, presumably in place of Brenda Creech.  <u>See</u> Motion for
Substitution of Party [Docket Nos. 87 and 94].  The Motion was
granted by United States Magistrate Judge Linda R. Anderson on
December 11, 2006.  <u>See</u> Text Only Order entered December 11, 2006.
The Court finds, regardless of Judge Anderson's Order, that neither
John David Pennock nor the Estate of Brenda Creech could have been
substituted as a party plaintiff under Rule 25 because Brenda
Creech was never a plaintiff in this case.  <u>See</u> Fed. R. Civ. P.
25(a)(1) (providing: "If a party dies and the claim is not

26

extinguished, the court may order substitution of the proper party."). <u>See</u> <u>also</u> <u>Mizukami v. Buras</u>, 419 F.2d 1319, 1320 (5th Cir. 1969) (finding that Rule 25 "contemplates substitution for someone who had been made a party before his death.").

The docket shows that the Complaint in this case was filed by "Rusty Bridges, Individually and on behalf of all Wrong Death Beneficiaries and on behalf of the Estate of Mary Claudine Bridges, Deceased." <u>See</u> Complaint [Docket No. 1]. The Complaint was never amended to included Judy Pennock or Brenda Creech as additional plaintiffs in this case. The Court, therefore, finds no error in the Amended Judgment that was entered on January 10, 2008. Accordingly, the Court finds that the Motion of Defendants to Amend the Amended Judgment Entered January 10, 2008, should be denied.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Motion for Judgment Notwithstanding the Verdict or, in the alternative New Trial or, in the alternative Additur [Docket Nos. 270, 271, 272] are hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendants to Alter the Judgment to Order Remittiturs of Pennock's and Creech's Losses of Society and Companionship [Docket No. 275] is hereby denied.

IT IS FURTHER ORDERED that the Motion of to Amend the Amended Judgment Entered January 10, 2008 [Docket No. 273] is hereby denied.

SO ORDERED this the 14th day of March, 2008.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE